Cynthia LITTLEJOHN, Plaintiff,

v.

BIC CORPORATION, et al.,
Defendants.

BIC CORPORATION, Petitioner,

v.

Mel D. KARDOS, Respondent.

Civ. A. No. 85–5952.

United States District Court,
E.D. Pennsylvania.

Oct. 11, 1988.

Mel D. Kardos, Newtown, Pa., for Little-john.

Robert C. Heim, Debra L. Subar, Philadelphia, Pa., for Mel D. Kardos.

William C. Foster, Philadelphia, Pa., for Bic Corp., Bic Societe, S.A.

Katherine Hatton, Samuel E. Klein, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., for Phila. Newspapers, Inc.

Michael B. Oropollo, Hoagland Longo Oropollo & Moran, New Brunswick, N.J., for Bic Corp. pro hac vice.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, District Judge.

A. *Findings of Fact*

1. Plaintiff Cynthia Littlejohn commenced this products liability action against defendant Bic Corporation ("Bic") on October 1, 1985. Plaintiff sought dam-

ages for injuries she sustained when a lighter manufactured by Bic ignited while in the pocket of her clothing. Littlejohn's attorney is respondent Mel D. Kardos.

2. On July 30, 1986, during the discovery phase of this action, this court entered a Protective Order stipulated to by all parties. The Protective Order stated, *inter alia,* that

> [A]t the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the defendant. Violation by any persons of the terms of this Order shall be punishable as a contempt of this Court.

3. The Protective Order did not explicitly cover deposition testimony read into the trial record or exhibits admitted into evidence.

4. In reliance on the Protective Order, Bic produced company records marked "Company Confidential" for plaintiff's review.

5. This court bifurcated the trial of this case. Two Bic intercompany memoranda, P–38 and P–39, were admitted into evidence; P–37 was not specifically referred to during the trial and was not admitted into evidence.

6. Kardos, at all material times, believed that the evidence introduced at trial included portions of the deposition of Leonard T. Coppetta, which were read to the jury. These portions, Kardos believed, included a discussion of "Coppetta–2," seven Bic intercompany memoranda concerning lighter audits performed in 1981. Kardos reasonably believed that "Coppetta–2" was the same document as the one listed as P–37 on plaintiff's list of trial exhibits.

7. At the conclusion of the liability trial, Kardos made a blanket for admission of plaintiff's exhibits. Counsel for Bic objected only as to the plaintiff's shoes and trousers. The motion was granted.

8. Kardos reasonably and in good faith believed that P–37 was admitted into the judicial record. However, Kardos' belief was mistaken.

9. On October 3, 1986, the jury returned a verdict in favor of Littlejohn on liability. The case then was settled.

10. On February 20, 1987, after the conclusion of the action, Bic filed a petition for contempt against Kardos with this Court and requested the return of Bic "Company Confidential" documents from Kardos. The petition was denied without prejudice on March 2, 1987.

11. Kardos agreed to return the documents, but informed Bic that he would keep one copy of the deposition transcripts and the trial exhibits for himself. At a meeting on April 24, 1987, the parties agreed to separate the disputed items for the Court's decision, but there was no understanding or agreement as to which party would take the initiative in litigating the issue.

12. On September 9, 1987, Kardos submitted all of the disputed documents to the clerk of this Court under seal. No documents remained in Kardos' possession. Kardos had requested the return of the documents from his experts. P–5; P–7.

13. On September 25, 1987, this Court entered an Order denying Bic's motion for civil contempt charges against Kardos, and stating: "[t]he disputed materials consisting of depositions read into evidence at trial and exhibits admitted into evidence at trial are part of the public record. The Protective Order does not explicitly cover evidence at trial. Defendant waived its claim of confidentiality by proceeding to trial without preserving any objection to the introduction of the materials."

14. On appeal, the Court found Kardos was not in contempt for his retention of P–38 and P–39.

15. The Court also found, however, that exhibit P–37 was not a part of the judicial record. This case was remanded for consideration of whether Kardos violated the Protective Order by retaining a copy of exhibit P–37. 851 F.2d 673. He did not, because he acted upon his mistaken but

good faith and reasonable belief that the exhibit was admitted in evidence.

### B. *Conclusions of Law*

■ 1. Liability for civil contempt attaches when a person violates a court order of which he or she has actual notice. *Quinter v. Volkswagen of America,* 676 F.2d 969, 972 (3d Cir.1982); *Thompson v. Johnson,* 410 F.Supp. 633, 640 (E.D.Pa. 1976), *aff'd mem.,* 556 F.2d 568 (3d Cir. 1977).

2. In a civil contempt proceeding, the proponent must demonstrate that respondent's conduct constituted contempt. Bic has not met its burden of proof. *Quinter,* 676 F.2d at 969; *Fox v. Capital Co.,* 96 F.2d 684, 686 (3d Cir.1938).

■ 3. The fact that prohibited acts were done inadvertently or in good faith alone does not preclude a finding of contempt. *Thompson,* 410 F.Supp. at 640.

■ 4. The Court's civil contempt power, however, is discretionary and should be exercised with caution; where there is ground to doubt the wrongfulness of defendant's conduct, he should not be held in contempt. *Id.; see Littlejohn v. Bic Corp.,* 851 F.2d 673, 686 (3d Cir.1988); *Quinter,* 676 F.2d at 974.

■ 5. Kardos' reasonable and good faith mistake that P–37 had been admitted in evidence does not warrant, in the exercise of this Court's discretion, a finding of contempt against respondent. *See Thompson,* 410 F.Supp. at 640–41.

■ 6. Even where no finding of contempt is made, the Court may award complainant in a civil contempt proceeding attorneys' fees and expenses incurred in the attempt to ensure the enforcement of the Court's Order. *Thompson,* 410 F.Supp. at 644.

■ 7. Because there are grounds to doubt Kardos' culpability, no award of attorneys' fees or expenses will be made to complainant.

8. The case was remanded "for consideration of whether Kardos may be held in contempt for retaining a copy of exhibit P–37 which was not a part of the judicial record." I conclude that Kardos' retention of this document is not sufficient to hold him in contempt.