UNITED STATES of America

v.

RICHLYN LABORATORIES, INC., A Corporation and Richard S. Weinberg, An Individual.

Civ. A. No. 92–5464.

United States District Court, E.D. Pennsylvania.

March 30, 1993.

David A. Garrison, U.S. Attorney's Office, Philadelphia, PA, Jacqueline H. Eagle, Dept. of Justice–Consumer Litigation, Washington, DC, for plaintiff.

William J. Barker, Jr., Frederick J. Bosch, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the motion presently pending before this Court, Defendants Richlyn Laboratories and its President, Richard Weinberg, seek a finding that the Plaintiff is in civil contempt of our Order of November 5, 1992 preliminarily enjoining the defendants from engaging in drug manufacturing and shipping operations. For the reasons outlined below, the defendants' motion is hereby denied.

The relevant facts underlying the instant case may be briefly summarized in the following manner. On October 2, 1992, upon the completion of two days of hearings on this matter, this court issued an order granting the Plaintiff–Government's request for the issuance of a preliminary injunction preventing Richlyn Laboratories from manufacturing and distributing its drug products until such time as the company was found to be in compliance with all current good manufacturing practice (CGMP) regulations and with all applicable provisions of the Federal Food, Drug and Cosmetic Act. This order was subsequently amended by the issuance of a second order on November 5, 1992 to further enjoin the defendants from shipping their drug products until certain conditions have been met. Specifically, the preliminary injunction is to remain in full force and effect unless and until:

"(1) The methods used in, and the facilities and controls to be used for manufacturing, processing, packing, labeling, and holding any drug, are established, operated, and administered in compliance with 21 U.S.C. § 351(a)(2)(B) and all Current Good Manu-

facturing Practice ("CGMP") Regulations for drugs, 21 C.F.R. Parts 210 and 211.

(2) The Defendants select a person subject to the approval of the Food and Drug Administration ("FDA") who, by reason of training and experience, is qualified to make inspections of drug manufacturing facilities to determine that the methods, facilities, and controls are operated and administered in compliance with 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Parts 210 and 211, and such person:

(a) inspects the Defendants' manufacturing facilities and manner of operating, and certifies to FDA, in writing that the firm is in compliance with 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Parts 210 and 211; and

(b) examines all drugs and components manufactured, processed, packed, and held at the Defendants' plant and reports in writing to FDA on whether such drugs were manufactured, processed, and packed in accordance with 21 U.S.C. § 351(a) and 21 C.F.R. Parts 210 and 211."

By way of the instant motion, the defendants essentially argue that inasmuch as they have engaged the services of an FDA-approved consultant, Bernard Loftus, and Mr. Loftus has now approved their validation protocol for the production of Diphenhydramine Hydrochloride 25 mg. capsules, the FDA's refusal to approve the product for sale to the Defense Logistics Agency constitutes contempt of the November 5, 1992 order. We disagree.

 It has long been held that the purpose of civil contempt is primarily remedial and to benefit the complainant. Civil contempt sanctions are designed either to compensate the injured party or to coerce the defendant into complying with the court's order. *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3rd Cir.1990), citing, *inter alia*, *Hicks v. Feiock*, 485 U.S. 624, 631, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721 (1988); *Latrobe Steel Co. v. United Steelworkers of America*, 545 F.2d 1336, 1343 (3rd Cir.1976). *See Also: Quinter v. Volkswagen of America*, 676 F.2d 969, 975 (3rd Cir.1982). A movant in a civil

contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a valid order of the court existed; 2) that the defendants had knowledge of the order; 3) that the order required certain conduct by the respondent, and 4) that the respondent failed to comply with the court's order. *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 46 (5th Cir.1992); *AMF Inc. v. Jewett*, 711 F.2d 1096, 1100 (1st Cir.1983); *Roe v. Operation Rescue*, 730 F.Supp. 656, 657 (E.D.Pa.1989), aff'd, 920 F.2d 213 (3rd Cir.1990). The Court's civil contempt power, however, is discretionary and should be exercised with caution; where there is ground to doubt the wrongfulness of defendant's conduct, he should not be held in contempt. *Littlejohn v. Bic Corp.*, 697 F.Supp. 192 (E.D.Pa.1988).

■ Applying the preceding principles to the matter now before us, we find that the while the record herein clearly reflects the existence of a valid court order of which the respondent had knowledge, the November 5, 1992 order is directed primarily to the defendants. Indeed, that order specifically decrees that "Richlyn Laboratories, Inc., a corporation and Richard S. Weinberg, an individual, and each and all of their officers, agents, servants, employees and any and all persons in active concert with them or any of them are hereby preliminarily restrained and enjoined ..." So saying, the defendants have failed to establish one of the elements necessary to justify a finding that the plaintiff in this case stands in contempt of the referenced order.

Moreover, even assuming that the above element had been satisfied, we cannot find that the defendants have produced the requisite clear and convincing evidence that the government has failed to comply with the directives contained in the November 5, 1992 order. According to the testimony and exhibits introduced at the contempt hearing, the FDA's inspection on January 19—January 20, 1993 revealed that the physical conditions at the Richlyn plant (no primary dust control system for the primary blender, incomplete partitions between the blending and wash and weighing areas and the overall state of disrepair in both the milling and blending areas) have yet to be corrected so as to be in compliance with the Food, Drug and Cosmetic Act and the CGMP's. Mr. Loftus himself testified that although he has not yet overseen the clean-up of the Richlyn plant, he will first have to see both the clean-up and the Standard Operating Procedures before he can certify to FDA that the firm is in compliance. To be sure, the disputed order unambiguously *first* requires that the defendants be in compliance with the Food, Drug and Cosmetic Act and the CGMP regulations in all respects. Again, paragraph (B)(1) of the order provides that "the methods used in, and the facilities and controls to be used for manufacturing, processing, packing, labeling and holding any drug ..." [must be] "established, operated and administered in compliance with 21 U.S.C. § 351(a)(2)(B) and all Current Good Manufacturing Practice ("CGMP") Regulations for drugs, 21 C.F.R. Parts 210 and 211."[1]

Paragraph (B)(2) of the disputed order secondarily requires the selection of an FDA-approved inspector, who must inspect the defendants' manufacturing facilities and manner of operations *and* must examine all drugs and components and certify in writing to FDA that the firm is in compliance with the Act and the CGMP regulations. According to the testimony produced at the contempt hearing, Mr. Loftus has only certified that if Richlyn follows its proposed protocol for prospective and retrospective validation of diphenhydramine hydrochloride 25 mg capsules, it can manufacture that drug in accordance with 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Sections 210 and 211. Thus, it appears obvious to this Court that the remaining steps outlined in our November 5, 1992

---

1. Insofar as Congress vested the FDA with the authority to determine and ensure compliance with the foregoing federal law (and regulations), this court believed that the language of the November 5, 1993 order was clear in its implicit dictation that it is the FDA and not the approved inspector who is the final arbiter of whether or not this company is in compliance. Notwithstanding this Court's apparently erroneous assumption that the parties would understand this from the language of the November 5, 1992 order, we trust that this footnote will now operate to cure this ambiguity.

order have yet to be followed. We therefore find no basis for a finding of civil contempt against the United States.

. An appropriate order follows.

## ORDER

AND NOW, this 30th day of March, 1993, upon consideration of the Defendants' Motion for a Finding of Civil Contempt, the Plaintiff's response thereto and following hearing in this matter, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.