**RESIDENTIAL REROOFERS LOCAL 30–B HEALTH AND WELFARE FUND, et al., Plaintiffs,**

v.

**RYNK ROOFING, et al., Defendants.**

No. 93–CV–4563.

United States District Court, E.D. Pennsylvania.

March 30, 1994.

Susan A. Murray, Sagot, Jennings & Sigmond, Philadelphia, PA, for plaintiffs.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

Before the Court is plaintiffs' motion for an order to show cause why defendants should not be held in civil contempt for failing to comply with this Court's Order entered October 27, 1993. A contempt hearing was held on March 24, 1994, however, defendants failed to appear. Based upon the evidence introduced at the contempt hearing, which is discussed below, and plaintiffs' brief (to which there was also no response), we find defendants to be in contempt of this Court's order.

### I. FINDINGS OF FACT

1. Plaintiffs filed suit against defendants Rynk Roofing and George Rynk, who allegedly owns Rynk Roofing, on August 23, 1993 in order to recover fringe benefit contribu-

tions owed by defendants, as well as interest, attorneys' fees and costs.

2. Defendants were served with the complaint on September 18, 1993 and proof of service was filed with the Court on September 29, 1993.

3. Defendants failed to appear, answer or otherwise respond to the complaint, therefore, this Court granted plaintiffs' motion for default judgment on October 25, 1993 pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

4. Pursuant to Court Order, defendants were ordered to make available the payroll books and records to plaintiffs within fifteen days so that the amount of delinquent contributions owed to plaintiffs could be ascertained.

5. Defendants were also ordered to submit any overdue remittance reports within fifteen days of the order.

6. On November 4, 1993, plaintiffs sent a copy of the order along with a letter requesting defendants to contact plaintiffs' accountant so that an audit could be conducted. Plaintiffs sent the letter via regular and certified mail to George Rynkiewicz, 6279 Hulmeville Road, Bensalem, PA 19020.

7. Although the letter sent by regular mail was not returned to plaintiffs, the letter sent by certified mail was returned and marked "unclaimed."

8. Defendants failed to contact plaintiffs' accountant, to submit to an audit or to submit remittance reports to plaintiffs, therefore, plaintiffs filed the present motion on February 2, 1994.

9. On March 16, 1994, this Court entered an order scheduling the contempt hearing for March 24, 1994.

10. Plaintiffs attempted to personally serve George Rynkiewicz with the court order on four different occasions between March 17 and March 23 at the Hulmeville Road address, however, each time nobody answered the door.

11. Plaintiffs also sent a copy of the order scheduling the contempt hearing via United Parcel Service to the Hulmeville Road address. On Wednesday, March 23, 1994 at 9:11 a.m., a tall man accepted service of the package but refused to sign his name for the delivery person.

12. Service of this delivery was confirmed by plaintiffs' attorney at 4:45 p.m. on March 23, 1994 by calling UPS and receiving tracking number 0416 380 0077.

The following evidence was asserted to show that defendant George Rynk is the same person as George Rynkiewicz.

13. The collective bargaining agreement was signed by plaintiffs and George Rynk, who listed his home address as the Hulmeville Road address.

14. Computer searches initiated on a program called Information America Network's People Finder in September, 1993 as well as in March, 1994, show George Rynkiewicz and Sandra Rynkiewicz as the residents at the Hulmeville address.

15. George Rynkiewicz is listed in the 1994 Donnelley Directory (phone book) for Lower Bucks County as residing at the Hulmeville address. Immediately preceding Mr. Rynkiewicz' listing is the listing for Rynk Roofing, which does not give an address but lists the same phone number for Rynk Roofing as is listed for George Rynkiewicz.

16. Records from the Pennsylvania Department of Transportation dated May, 1993 also list George Rynkiewicz as living at the Hulmeville address.

17. A computer search on a program called Information America's Asset Locator conducted in March, 1994 lists George Rynkiewicz and Sandra Rynkiewicz as the owners of the property at the Hulmeville address.

18. A computer search on Information America Network's People Finder conducted in March, 1994, failed to locate any persons listed as George Rynk.

19. A check made payable to plaintiffs in April, 1993 for fringe benefit contributions was entered into evidence. This check is signed by Sandra Rynkiewicz.

## II. STANDARD

 The purpose of civil contempt is mainly remedial and to benefit the moving

party. *Roe v. Operation Rescue,* 919 F.2d 857, 868 (3rd Cir.1990). Such proceedings are usually instituted by the plaintiff, and not the court. *Id.* Civil contempt sanctions have two purposes; to compensate the injured party or to force the defendant to comply with the court's order. *Id.* Therefore, there are two different types of civil contempt fines. The first is "payable to the complainant as compensation for damages caused by the contemnor's noncompliance." *Id.* The second "is payable to the court but defendant can avoid paying the contempt fine by performing the act required by the court's order." *Id.* District courts have broad power in determining to award civil contempt sanctions. *Northeast Women's Center, Inc. v. McMonagle,* 939 F.2d. 57, 70 (3rd Cir. 1991). Finally, in order for plaintiffs to demonstrate contempt in this case, they must show by clear and convincing evidence that 1) a valid court order existed, 2) that defendants had knowledge of the order, and 3) that defendants disobeyed the order. *Roe,* 919 F.2d at 870–71; *United States v. Richlyn Laboratories, Inc.,* 817 F.Supp. 26, 27–28 (E.D.Pa.1993).

### III. DISCUSSION

█ The evidence shows that the above elements have been satisfied, and as such, plaintiffs have met their burden of demonstrating civil contempt by clear and convincing evidence. First, it is clear that a valid court order exists in this case. The court order granting default judgment was signed by this judge on October 25, 1993 and entered on October 27, 1993. Second, it is clear that defendants disobeyed the order. The undisputed evidence shows that defendants failed to contact plaintiffs' accountant in order to submit to an audit, and that they failed to submit remittance reports as directed by the Court.

█ The only remaining issue is whether defendants had knowledge of this Court's order. We find that plaintiffs have demonstrated that this element has also been satisfied. The evidence clearly shows that George Rynk is the same person as George Rynkiewicz. Not only are there no records of anyone named George Rynk, but all of the computer searches and other records indicate that George Rynkiewicz and Sandra Rynkiewicz reside at the Hulmeville address. Further, George Rynk listed the same address as his residence when he signed the collective bargaining agreement. Finally, defendant Rynk Roofing has the same telephone number as George Rynkiewicz. It can thus be deduced from the evidence that George Rynk is the same person as George Rynkiewicz.

Plaintiffs have also established that George Rynkiewicz has knowledge of this Court's order. Plaintiffs sent a copy of the order by regular and certified mail. While the copy sent by certified mail was returned, the copy sent by regular mail was not. Plaintiffs also sent a copy of the present motion by first class mail to the Hulmeville address when it was filed. Finally, the evidence shows that a copy of the order to show cause was served by United Parcel Service upon a man at the Hulmeville address who refused to sign his name. Based on the above evidence, it is clear that George Rynk resides at the Hulmeville address, and further, that he has received ample notice and therefore has knowledge of this court's order. As such, we find defendants to be in contempt of this Court's order. An appropriate order follows.

### *ORDER OF CIVIL CONTEMPT AGAINST DEFENDANTS RYNK ROOFING AND GEORGE RYNK a/k/a GEORGE RYNKIEWICZ*

**AND NOW,** this 30th day of March, 1994, upon consideration of Plaintiffs' Motion for Adjudication of Civil Contempt and Other Relief against Defendants and any Opposition thereto, it is hereby **ORDERED:**

1. That Defendants, Rynk Roofing and George Rynk a/k/a/ George Rynkiewicz are adjudged to be in civil contempt of this Court's Order of October 27, 1993. To purge itself of said civil contempt it shall:

(a) Immediately make available to Kevin Hughes, auditor for the Plaintiffs, Residential Reroofers Local 30–B Health and Welfare Fund, Residential Reroofers Local 30–B Pension Fund, Residential Reroofers Local 30–B Vacation Fund, Residential Reroofers Local 30–B Annuity Fund, Residential Re-

roofers Local 30–B Political Action and Education Fund and Roofing, Metal and Heating Associates, Inc. Industry Fund (respectively "Welfare Fund", "Pension Fund", "Vacation Fund", "Annuity Fund", "PAC", "IAF" and collectively "Funds") and Residential Reroofing Union Local 30–B of the United Union of Roofers, Waterproofers and Allied Workers, AFL–CIO ("Union"), or his designated representative all relevant books and records necessary for the Funds to perform a payroll audit of Rynk Roofing for the period from January 1, 1991 to and including the date of the audit. These records include, but not limited to payroll books and records, Federal Employer Tax Returns (Form 941), original register, State Employer Tax Returns indicating the amount of withholding, W–2 Forms, 1099 Forms, cancelled payroll checks, general cash disbursement journals and petty cash journals, and overdue remittance reports.

2. To ensure compliance with the Court's Order of October 27, 1993 and the provisions of this contempt adjudication, Defendant are hereby assessed a prospective compliance fine in the amount of Five Hundred Dollars ($500.00) which will be returned to the Defendants in the event they fully comply with this Court's Order of October 27, 1993 and with this Order within ten days of the entry of this Order. In the event that contempt of this Court's Order continues beyond said ten (10) day period, Defendant shall be required to pay an additional Fifty Dollars ($50.00) per day for each such day, until it had complied.

3. The Funds are awarded the attorneys' fees and costs they have incurred in seeking Defendants' compliance with this Court's Order of October 27, 1993 including expenditures incurred in the investigation, preparation, presentation and final disposition of their Motion for Adjudication of Civil Contempt and Other Relief.

Within thirty (30) days of the entry of this Order, the Funds shall submit a statement of such costs and expenses for which it seeks reimbursement.