MEMORANDUM AND ORDER

JOYNER, District Judge.
This civil action is again before the Court upon motion of the plaintiff, Cottman Transmission Systems, Inc. to hold the defendants in civil contempt of the temporary restraining order issued by the Court of Common Pleas of Montgomery County, Pennsylvania prior to removal of this action. That restraining order was left in full force and effect until our issuance of a decision on plaintiffs motion for preliminary injunction. For the reasons which follow, the motion is denied.
As discussed at length in our Decision of April 21, 1994, this matter arose out of a franchise/license agreement entered into by the parties on or about May 6,1993 pursuant *676 to which the defendants opened and operated a Cottman Transmission Center in La Ha-bra, California. Beginning in December, 1993, the Melodys ceased making the weekly payments of licensing and advertising fees to Cottman called for in the license agreement. As a result, Cottman terminated the license/franchise agreement on March 9, 1993 and filed a motion for the issuance of injunc-tive relief or for a temporary restraining order on March 29, 1993 in the Montgomery County Court of Common Pleas. Approximately one week before Cottman’s termination of the franchise and commencement of suit in Montgomery County, however, the Melodys had filed an action for rescission of the lieense/franchise agreement in the Superior Court of Orange County, California. Notwithstanding either legal action, the Mel-odys continued to operate a transmission repair business at the same location as they had operated their Cottman center, although they did rename the business “The Transmission Center of La Habra.” On March 29, 1994, Judge Salus of the Montgomery County Court granted the plaintiffs motion for a temporary restraining order and thereby enjoined the defendants from:
“(a) Using the Cottman telephone numbers, in violation of Paragraph 19 of the Cottman License Agreement, and are ORDERED to immediately terminate said telephone numbers;
(b) infringing upon the Cottman trademark, in violation of the Lanham Act, by using advertisements, signs, business cards, and forms that are the same as or confusingly similar to Cottman’s trademark, and are ORDERED to immediately cease the use thereof; and
(c) using Cottman’s proprietary manuals and confidential information and are ORDERED to immediately return said manuals and confidential information to Cottman.”
The following day, March 30, 1994, the defendants sought and obtained a temporary restraining order in their California action against plaintiff and Pacific Bell Telephone Company enjoining them from terminating or attempting to force the termination of or interfere with the maintenance of telephone service for the telephone numbers to the La Habra center. Mr. and Mrs. Melody thus continued to use the same telephone numbers for their independent transmission repair business as they had used when the Cottman franchise agreement was in effect.
It has long been recognized that the purpose of the civil contempt power of the court is remedial in nature and is designed to benefit the complainant. Roe v. Operation Rescue, 919 F.2d 857, 868 (3rd Cir.1990). The power to punish for con-tempts is inherent in all courts and this power reaches both conduct before the court and that beyond its confines. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). Civil contempt may be employed to coerce the defendant into compliance with a court’s order and to compensate for losses or damages sustained as a result of disobedience and noncompli-anee with a court order. McDonald’s Corp. v. Victory Investments, 727 F.2d 82, 87 (3rd Cir.1984); Roe v. Operation Rescue, 730 F.Supp. 656, 657 (E.D.Pa.1989), aff'd, 920 F.2d 213 (3rd Cir.1990); Halderman v. Pennhurst State School and Hospital, 533 F.Supp. 631, 636 (E.D.Pa.1981), aff'd, 673 F.2d 628 (3rd Cir.1982), cert. denied, 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984). See Also: Quinter v. Volkswagen of America, 676 F.2d 969, 975 (3rd Cir.1982); Latrobe Steel Co. v. United Steelworkers of America, 545 F.2d 1336, 1343 (3rd Cir.1976).
A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a valid court order existed; (2) that the defendants had knowledge of the order; (3) that the order required certain conduct by the respondent; and (4) that the respondent failed to comply with the court’s order. Martin v. Trinity Industries, Inc., 959 F.2d 45, 46 (5th Cir.1992); AMF, Inc. v. Jewett, 711 F.2d 1096, 1100 (1st Cir.1983); Roe v. Operation Rescue, supra, 730 F.Supp. at 657. Thus, civil contempt is committed only if a person violates a court order requiring in specific and definite language that that person do or refrain from doing an act or series of acts. Martin v. Trinity, at 47; Robin *677 Woods, Inc. v. Woods, 815 F.Supp. 856, 868 (W.D.Pa.1992).
These standards notwithstanding, it should be recognized that the court’s civil contempt power is a potent weapon to be used with caution and in the court’s discretion. It should not be utilized if the order upon which the contempt charge was founded is vague or ambiguous or where there is ground to doubt the wrongfulness of the defendant’s conduct. Id. See Also: Littlejohn v. Bic Corp., 697 F.Supp. 192 (E.D.Pa. 1988). Indeed, it has been held that if there is a fair ground of doubt as to the wrongfulness of the defendant’s actions said to be in contempt, the District Court should not entertain the contempt proceeding or find contempt. Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co., 803 F.2d 1170, 1173 (Fed.Cir.1986).
Applying these principles to the matter now before us, we find that while the temporary restraining order issued by the Montgomery County Court on March 29, 1994 was valid and clear in its directives enjoining the defendants from continued use of the business telephone numbers and Cott-man’s trademarks and proprietary and confidential materials and that the defendants clearly had knowledge of its existence, there was understandably some confusion on the part of all of the parties concerned on that date as to whether the case yet been removed to this court and the order’s resultant effectiveness. In this regard, Plaintiff is correct in its assertion that this court found, during the in-chambers conference held that same day on Defendant’s motion to vacate the state court’s TRO that it did not have jurisdiction to act at that time because the notice of removal was technically deficient and that, a fortiori, the TRO was still effective. No formal, written order was issued at that time because of the lack of jurisdiction which then existed. Consequently, we cannot conclusively find that when the defendants themselves (no doubt acting upon the advice of California counsel) moved for a TRO the following day in their California rescission action to prevent the termination of the telephone numbers, it was with the intention of disobeying a valid order issued by a Pennsylvania court. We therefore find that there is a reasonable ground to doubt the wrongfulness of the defendants’ conduct and to thereby deny the plaintiffs motion to hold the defendants in contempt.
In so holding, however, we caution Defendants that there now exists an unambiguous preliminary injunction order, the effectiveness of which is not in question. In the event that the Melodys or anyone acting in concert with them should fail to strictly adhere to the directives contained in the Memorandum and Order issued by this court on April 21, 1994, contempt sanctions will be promptly imposed.
An order follows.

ORDER

AND NOW, this 25th day of April, 1994, upon consideration of Plaintiffs Motion for Civil Contempt against Defendants and Defendants’ Response thereto, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum.