AINSWORTH, Circuit Judge:
 

 Appellant Franz Joseph Baddock, an attorney for a debtor in a bankruptcy action in these proceedings, appeals from a district court order affirming a finding of contempt against him made by the bankruptcy judge. We disagree with the finding of contempt and reverse.
 

 On August 3, 1976, attorney Baddock mailed a notice to the attorneys for all six defendants in the bankruptcy proceedings for the taking of a deposition of Howard E. Samuel, an officer of the Louisiana Bank of Baton Rouge, which was scheduled for August 6. On August 4, counsel for two of the defendants, Villard and Brook, moved the bankruptcy court to have the notice set aside on the ground that the time given was insufficient. The motion was not joined in by the other four defendants. The bankruptcy judge granted the motion and ordered that “the notice of deposition mailed on August 3, 1976 noticing the deposition of Howard E. Samuel be vacated and set aside, same not being reasonable notice as required by the Federal Rules of Civil Procedure.” Attorney Baddock conducted the taking of the deposition of Mr. Samuel despite the order setting aside the notice. Counsel for Villard and Brook then moved for a show cause order why appellant Bad-dock should not be held in contempt of court for taking the deposition. After an evidentiary hearing on the motion, the bankruptcy judge found Baddock in contempt of court and fined him $250.
 
 See
 
 Bankruptcy Rule 920 pertaining to contempt proceedings. Baddock’s appeal to the district court was unsuccessful as the district court upheld the finding of contempt.
 

 Contempt is committed when a person “violates an order of a court requiring in specific and definite language that a person do or refrain from doing an act.”
 
 Baumrin v. Cournoyer,
 
 D.Mass., 1978, 448 F.Supp. 225, 227.
 
 See Lichenstein v. Lichenstein,
 
 3 Cir., 1970, 425 F.2d 1111, 1113. The judicial contempt power is a potent weapon which should not be used if the court’s order upon which the contempt was founded is vague or ambiguous.
 
 International Longshoreman’s Association v. Philadelphia Marine Trade Association,
 
 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967).
 
 See Ford
 
 v.
 
 Kammerer,
 
 3 Cir., 1971, 450 F.2d 279. Thus, the court’s order “must set forth in specific detail an unequivocal command.”
 
 H. K. Porter Co., Inc. v. National Friction Products Corp.,
 
 7 Cir., 1977, 568 F.2d 24, 27.
 

 In the present case, appellant Bad-dock did not violate a specific and unequivocal order of the bankruptcy court. The bankruptcy judge’s order vacating the notice of deposition was not addressed specifically to Baddock. Moreover, it did not explicitly direct that the deposition not take place. Given the possible uncertainty concerning the effect of an order issued on the motion of only two of the six defendants to the action, it cannot be said that the taking of the deposition constituted a clear affront to the court’s authority. Indeed, Rule 26(c)(1), Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Bankruptcy Rule 726, explicitly grants to the court the power to order “that the discovery not be had.” The bankruptcy judge’s order did not clearly invoke the power provided by Rule 26(c)(1), and did not specifically order that the deposition not be taken.
 
 [1]
 
 Thus there was no violation of the bankruptcy court’s order sufficient to constitute contempt and the finding in that regard must be
 

 REVERSED.
 

 [1]
 

 . Our decision does not constitute a holding, however, that the deposition was properly taken as to the nonmoving defendants. Depositions taken without proper notice may be found to be inadmissible.
 
 See Mims v. Central Manufacturers Mutual Insurance Co.,
 
 5 Cir., 1949, 178 F.2d 56, 59.
 
 See generally
 
 4 Moore,
 
 Federal Practice
 
 ¶ 26.69.