Jimmy L. SMITH, et al.,
Plaintiffs-Appellants,

v.

William F. WINTER, In His Official Capacity as Governor of the State of Mississippi, et al., Defendants-Appellees.

No. 85–4140.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1986.

Tyree Irving, Greenville, Miss., for plaintiffs-appellants.

Edwin L. Pittman, Atty. Gen., Ed Davis Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Ben J. Piazza, Jr., Jackson, Miss., for Joseph T. Travillion, et al.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Three elected members of the Claiborne County, Mississippi Board of Education brought suit against a myriad of public officials and private citizens for subjecting them to a recall election. The complaint alleged claims under 42 U.S.C. §§ 1981, 1983, and 1985,[1] and asked for injunctive relief and declaratory relief under 28 U.S.C. § 2284. The district court granted appellees' motions to dismiss.[2] We affirm in part and reverse in part.

## FACTS

Appellants are Jimmy L. Smith, Bennie L. Knox, and Roosevelt Yarbrough, three elected members of the Claiborne County Board of Education. Appellees are William F. Winter, former governor of Mississippi; Mike Carr, Edward G. Cortwright, and Howard L. Patterson, in their official capacities as Chancellors and members of the Removal Council; Joseph T. Travillion, Claiborne County's Superintendent of Education, in his individual and official capacities; Julia Jones, Circuit Clerk of Claiborne County, in her individual and official capacities; and twenty named individuals. Governor Winter, Carr, Cortwright, and Patterson are referred to collectively as the "state appellees." Travillion, Jones, and the twenty named individuals are referred to collectively as the "local appellees."

Appellants brought this suit in response to an attempt to recall them from the Board of Education of Claiborne County. The recall procedure was instituted pursuant to Miss.Code Ann. §§ 25–5–3 through 25–5–7 (1972). Appellee Travillion initiated the recall procedure, claiming that appellants were malfeasant in office. According to the complaint, appellees Travillion, Jones, and the twenty named individuals participated in collecting and certifying signatures for recall petitions. Jones, in her capacity as County Clerk, then certified the petition signatures of the required thirty percent of qualified voters to appellee William Winter, then governor of Mississippi. Winter, pursuant to the recall statute, then established a Removal Council consisting of appellees Carr, Cortwright, and Patterson.

During the course of this recall procedure, appellants brought the present suit seeking the following relief: (1) an injunction to prevent the recall election; (2) a declaratory judgment that the Mississippi recall statute violated the Voting Rights

---

1. The § 1981 and § 1985 claims were dismissed because no racial discrimination was alleged. The dismissal of these claims is not appealed.

2. The state appellees (Winter, Carr, Cortwright, and Patterson) filed motions to dismiss on mootness, Rule 12(b)(1), and Rule 12(b)(2) grounds. The local appellees (Travillion, Jones and the twenty named individuals) filed motions to dismiss on Rule 12(b)(1) and Rule 12(b)(6) grounds, and a motion for judgment on the pleadings under Rule 12(c) or in the alternative for summary judgment under Rule 56. The district court granted all motions.

Act of 1965, 42 U.S.C. § 1973 et seq.,[3] and was unconstitutional under the due process and equal protection clauses of the First and Fourteenth Amendments; and (3) damages under 42 U.S.C. § 1983 from Travillion, Jones, and the twenty named individuals who participated in collecting and certifying the signatures for the recall petitions. No damage claim was asserted against the state appellees. The complaint contended that the local appellees "conspired" to "have [appellants] unlawfully removed from office" by falsely obtaining the names on the recall petitions and otherwise misusing the recall process. The complaint alleged that Travillion, Jones, and the twenty named individuals undertook to censor appellants' free speech rights in support of Travillion who was displeased because appellants had criticized his performance in office.

The Removal Council determined that a vote of the electorate was warranted. The election was held, and appellants prevailed at the polls; recall was defeated. Appellants continue today as school board members. Following the election, the district court dismissed the complaint in its entirety, holding that appellants had failed to state a claim for relief. We find that the complaint is moot as it requests declaratory relief, and also as it asks for injunctive relief against the state appellees. But we find that the complaint states a proper cause of action for damages under § 1983 against the local appellees, and we reverse the dismissal of the § 1983 damage claims against them.

## I. Injunction and Declaratory Judgment Claims

The district court dismissed appellants' claims for injunctive and declaratory relief on mootness, Rule 12(b)(1), and 12(b)(2) grounds. Because the complaint sought injunctive relief only against appellees Winter, Carr, Cortwright, and Patterson, they were accordingly dismissed from this ac-

tion by this ruling. We affirm the district court.

■ Appellants prevailed in the recall election that they sought to enjoin. A claim becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491, 502 (1969). Appellants clearly have no interest in receiving an injunction to prevent a recall election they have already won. Thus, the claim for injunctive relief is moot.

■ Likewise, the claim for declaratory relief is moot. Appellants' declaratory claim urges that the recall statute is unconstitutional. Because appellants have already prevailed in the recall election, their complaint for declaratory relief is moot unless: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350, 353 (1975). This exception to mootness is known as the "capable of repetition, yet evading review" doctrine. *Id.* The first prong of the exception does not apply to the instant case because the complaint lacks an allegation that time pressures made it impossible to litigate the issue before the recall election was held. The second prong does not apply because there is no allegation or showing otherwise that appellants will be subjected to another recall petition. Although all public officials are subject to recall under the Mississippi statute, there is no reason to believe from the record that appellants are more likely to face a recall election today than are any other public officials. *See O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (injury or threat of injury must be both "real and immediate," not "abstract," "conjectural," or "hypothetical").

---

**3.** The Voting Rights Act claim was dismissed by this Court in a previous ruling. *Smith v. Win-*  *ter*, 717 F.2d 191 (5th Cir.1983).

We affirm, therefore, the district court's dismissal of the injunctive and declaratory judgment claims. Accordingly, we affirm the dismissal of the state appellees from this action.

## II. *Damage Claim*

■ The district court dismissed appellants' § 1983 damage claim against the local appellees.[4] The district court held that appellants had failed to identify any federally protected right that had been violated. Because we find that the complaint properly alleged that the local appellees had interfered with appellants' First Amendment rights in violation of § 1983, we reverse the dismissal of the damage claims against the local appellees.

Appellees urge that the complaint did not state a claim under § 1983 because: (1) the complaint alleged no violation of a federally protected right; (2) the complaint alleged no actions taken under color of state law; and (3) the complaint alleged no damages. None of these objections is persuasive when the complaint is properly evaluated.

First, the complaint adequately alleged that the local appellees violated appellants' First Amendment rights. The complaint stated that Travillion became upset and angry with appellants because they exercised their First Amendment rights regarding school district matters, and because they did not vote on the matters in accordance with Travillion's wishes. The complaint then alleged that Travillion conspired with the other local appellees to remove appellants from office by forging names on recall petitions, and by otherwise misusing the recall process.[5]

A motion to dismiss a complaint for failure to state a claim should not be granted

4. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5. The pertinent paragraphs of the complaint read as follows:

22. Sometime prior to November, 1982, defendant Joseph T. Travillion became upset and angry with plaintiffs because they exercised their statutory and First Amendment rights regarding school district matters, and because they did not vote on said matters in accordance with his wishes. Specifically, defendant Joseph T. Travillion was upset and angry because plaintiffs chose to engage in legitimate criticism of the way he discharged or failed to discharge the duties of his office. All of plaintiffs' activities of which Travillion found offensive are protected by the Constitution, laws, and statutes of the United States.
23. Beginning on or about November 13, 1982, and continuing through the verification, certification and filing of aforesaid removal petitions, defendant Travillion, acting under color of state law, custom, statute, regulations and usage, conspired with defendant Julia Jones, acting under color of state statute, law, custom, regulations and usage, and removal petitioners to deny to plaintiff rights secured

and protected by the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §§ 1981 and 1983.
24. Specifically, defendant Travillion and Jones unlawfully, intentionally, willfully, and maliciously, acting in concert with each other, and under color of state law, statute, custom, usage and regulations, conspired with removal petitioners to have plaintiffs unlawfully removed from office by unlawfully placing certain persons' names on the removal petitions, by unlawfully allowing certain persons to sign the removal petitions who were not qualified to sign them, by unlawfully allowing certain persons to sign the petitions twice, by unlawfully allowing certain persons to print their names on the petitions, by misrepresenting the nature of the petitions to certain persons who signed them on the strength of the misrepresentations, and by falsely certifying and verifying that all of the persons whose names appear on the petitions, signed the petitions and were qualified electors at the time of the signing of the petitions, and that the petitions contained the requisite number of signatures to constitute a removal petition within the meaning of the removal statutes when in fact the petitions did not so contain the requisite number of signatures and these defendants well knew that they did not.
25. Each of the acts complained of hereinabove was committed willfully, knowingly, intentionally and maliciously by the aforesaid defendants for the purpose of depriving plaintiffs of federally protected rights, privileges and immunities, and plaintiffs' exercise of their federally protected rights was the motivating force behind the defendants' actions.

unless it appears beyond doubt that there is no set of facts under which the allegations could constitute a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 85 (1957); *see also, Boudeloche v. Grow Chemical Coatings Corp.,* 728 F.2d 759, 762 (5th Cir.1984) ("[W]here pleadings are sufficient, yet it appears almost a certainty to the court that the facts alleged cannot be proved to support a legal claim, a motion to dismiss for failure to state a claim must nevertheless be overruled."). In the present case, we find that this complaint includes allegations that the local appellees conspired through fraudulent means to misuse the recall statute against appellants in retaliation for appellants' exercise of their First Amendment rights. Such a complaint states a claim under § 1983. In *Lewis v. Blackburn,* 734 F.2d 1000 (4th Cir.1984), the court held that decisions of a clerk and a superior court judge not to reappoint a former state magistrate were made in retaliation for the magistrate's exercise of her First Amendment right of free speech, and the magistrate's complaint entitled her to relief under § 1983. Similarly, in *Bart v. Telford,* 677 F.2d 622 (7th Cir.1982), the court held that a complaint alleging that a former candidate for public office was made the object of retaliation by superiors for exercise of free speech rights during a campaign stated a claim under § 1983.

■ Second, appellees argue that the complaint did not allege that they acted under color of state law as required by § 1983. The complaint, however, alleged that appellee Jones, in her official capacity as County Clerk, falsely certified the names on the recall petition. This obviously alleged an act done "under color of" state law. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The complaint also alleged that the other local appellees conspired with Jones in falsely certifying the names on the recall petitions.[6] A "willful participant in joint action" with a state official to deprive one of his constitutional

rights acts under color of state law even though he is not himself an officeholder. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). The complaint alleged, therefore, that the local appellees acted under color of law because Jones was a government official, and the other local appellees conspired with her to deprive appellants of their constitutional rights.

■ We note that although Travillion (as Claiborne County Superintendent of Education) is a state official, appellants complain of no actions taken by him in his official capacity. Because all citizens have the right to initiate recall petitions under Mississippi law, Travillion's actions in initiating the petitions are no different from those of any private citizen. A purely private act is not considered to be done "under color of" state law merely because the actor is a public official. *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Delcambre v. Delcambre,* 635 F.2d 407 (5th Cir.1981). There are no allegations that Travillion used his office to further the recall petition scheme. Instead, appellants properly alleged that Travillion was involved in the allegations of actions under "color of" state law not because of Travillion's status as a state officer, but because he conspired with Jones in the alleged fraudulent recall petition scheme.

Appellees also contend that the complaint did not charge any act done under color of state law because the complaint alleged that appellees *misused* the recall statute. Appellees argue therefore that the complaint alleged only illegal actions, not actions "under color of" state law. There is no merit to this argument. It is well-settled that the phrase "under color of" state law in § 1983 includes misuse of state law by public officials. *See e.g., Brown v. Miller,* 631 F.2d 408, 411 (5th Cir.1980).

Finally, appellees argue that the complaint did not allege facts showing how

---

**6.** *See* paragraphs 23–25 of the complaint, *supra* note 5.

appellants were damaged.[7] We find that appellants' complaint is adequate under federal notice pleading requirements. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *Boudeloche*, 728 F.2d at 761. Rather, the Rules require only a "short and plain statement of the claim" that gives a defendant fair notice of the claim and the grounds upon which it rests. *Id.;* Fed.R.Civ.P. 8(a).

Under F.R.Civ.P. 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." In the present case, the complaint adequately gave notice that appellants complained of being subjected to a fraudulently obtained recall election in violation of their First Amendment rights. The complaint should not be dismissed because specific allegations of damages were not set out. "[A]lthough the prayer for relief may be looked to for illumination when there is doubt as to the substantive theory under which a plaintiff is proceeding, its omissions are not in and of themselves a barrier to redress of a meritorious claim." *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66, 99 S.Ct. 383, 387, 58 L.Ed.2d 292, 299 (1978).

If appellants prevail, they may be able to prove damages growing out of expenses relating to the recall process, such as campaign expenses, as well as interference with their activities in other ways that cost them money damages. Also, appellants may be entitled to attorneys' fees under 42 U.S.C. § 1988. The complaint also gave notice of the fact that appellants sought punitive damages against appellees for violating their First Amendment rights. *See Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545, 548 (D.Del.1975) (Punitive damage claim not mooted with remainder of complaint if facts alleged indicate bad faith of defendants). We hold that the complaint has adequately stated a § 1983 damage claim against the local appellees.

We reverse the dismissal of the § 1983 damage claims and remand to the district court. In all other respects, the judgment of the district court is affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**7.** The prayer asked for $100,000 in actual or compensatory damages and $200,000 punitive damages.