United States Court of Appeals,

Fifth Circuit.

No. 91–2626.

Lynn MARTIN, Secretary, United States Department of Labor, Plaintiff–Appellee,

v.

TRINITY INDUSTRIES, INC., A Corporation, and Gary Schmedt, An Individual, Defendants–Appellants.

April 24, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before GOLDBERG, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

The Secretary of Labor petitioned to have Defendants held in contempt for interfering with a warrant-authorized inspection of a steel plant owned by Defendant Trinity Industries and managed by Defendant Gary Schmedt. After a hearing, the district court found Defendants in contempt for failure to honor the warrant and ordered them, as part of the sanction, to require employees to wear test equipment. Defendants appeal, challenging the contempt determination and the injunction that they require employees to wear the testing equipment. For the following reasons, we affirm the finding of contempt, but reverse the injunction and remand for another remedial order.

I. THE CONTEMPT DETERMINATION

This Court reviews the district court's order holding Defendants in contempt for an abuse of discretion. *United States v. Sorrells,* 877 F.2d 346, 348 (5th Cir.1989). We measure the competency of the district court's underlying findings under the clearly erroneous rule. *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir.1987) (citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 572, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)); *Neely v. City of Grenada,* 799 F.2d 203, 207–08 (5th Cir.1986).

A movant in a civil contempt proceeding bears the burden of establishing by clear and

convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order. *Petroleos Mexicanos,* 826 F.2d at 401 (citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949)).

Defendants contend on appeal that the warrant was ambiguous and that they honored the warrant—apparent challenges to requirements two (certainty) and three (compliance). Defendants' argument that they cannot be held in civil contempt because the warrant is invalid actually challenges the validity of the remedial order,[1] which is discussed hereafter. We first address Defendants' argument that the warrant was vague.

A. Certainty of the Warrant.

In order to inspect Defendants' plant OSHA obtained a warrant which provided, "The [OSHA] compliance personnel shall also be permitted ... to affix sampling or testing equipment to the persons of employees, if necessary." The OSHA inspector wanted the employees to wear noise dosimeters, or personal sampling devices that measure noise exposures. Defendants assert that the warrant does not "clearly and unambiguously" order Trinity to *compel* its employees to wear such test equipment against their wishes. This is indeed so, as the warrant requires only that Defendants *permit* OSHA to affix the devices to employees. The warrant is nonetheless specific enough to meet the certainty requirement for a finding of contempt.

Contempt is committed only if a person violates a court order requiring in specific and definite language that a person do or refrain from doing an act. *Baddock v. Villard (In re Baum),* 606 F.2d 592, 593 (5th Cir.1979). "The judicial contempt power is a potent weapon which should not

_____

[1]Defendants confuse the original warrant, which did not order them to require their employees to wear sampling equipment, with the contempt order, which did. Defendants erroneously conceive that the district court held them in contempt for not requiring their employees to wear dosimeters. In fact it found only that Defendants impeded the investigation permitted by the warrant.

be used if the court's order upon which the contempt was founded is vague or ambiguous." *Id.* (citing *International Longshoreman's Ass'n, Local 1291, v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967)).

The order in this case stands in sharp contrast to orders held too vague to sustain a finding of contempt. For example, a decree ordering compliance with an arbitrator's award was too vague to sustain a finding of contempt of that decree, because the arbitrator's award contained only an abstract conclusion of law, not an operative command. *See International Longshoremen's Ass'n.,* 389 U.S. at 74, 88 S.Ct. at 206. In *Baddock* an order vacating a notice of deposition would not support the determination that an attorney was in contempt for taking the deposition: the order neither specifically directed that the deposition not take place (as it might have done under the discovery rules), nor specifically addressed itself to the attorney held in contempt. *Baddock,* 606 F.2d at 593.

In this case the warrant is sufficiently specific, certain, and unequivocal for the district court to have found contempt. Defendants were found to have actively interfered with OSHA's attempts to secure employee cooperation in wearing the dosimeters. Thus, Defendants did not "permit" OSHA personnel to affix the equipment as the warrant required. It does not require a strained reading of the warrant to reach the conclusion that Defendants violated it.

B. Failure to Comply.

Defendants next contend that the evidence established that Trinity did permit OSHA to conduct testing and to affix dosimeters to employees who agreed to wear them. The district court found that Defendants "impeded the investigation and intimidated the employees." Ample evidence supports the district court's finding.

OSHA Compliance Officer Kroll testified that Schmedt interrupted before employees had a

chance to answer her questions directed to them. She also testified that through non-verbal cues such as winks and nods, Schmedt dissuaded the employees from cooperating. Schmedt testified that Trinity convened several meetings as a result of the OSHA inspection, and that he advised the employees, "that [Trinity] had a safety rule ... that we preferred them not to wear [dosimeters] because it violated this safety rule; and we felt it was a safety hazard; and we didn't want them getting hurt; but it was their call."

Because there was ample evidence to support the finding that Defendants impeded the investigation and intimidated employees, the court's finding is not clearly erroneous. Upon making the finding that Defendants impeded the investigation and intimidated employees, the district court did not abuse its discretion in determining that Defendants were in contempt of the warrant authorizing OSHA to conduct the inspection.

## II. THE SANCTION

Finding Defendants in contempt of the warrant, the district court ordered them "to comply with the warrant by requiring [employees] to wear dosimeters for an OSHA investigation." Because the order compels the employer and manager to *require* employees to wear the devices, the order goes beyond the limitations on the investigative authority of the Secretary of Labor.

The enabling statute merely authorizes the Secretary to "inspect ... within reasonable limits and in a reasonable manner." 29 U.S.C.A. § 657(a)(2) (1985). OSHA Regulations[2] recognize that compliance officers have authority to take environmental samples and "employ other reasonable investigative techniques." 29 C.F.R. § 1903.7(b) (1991). The regulation defines "other reasonable investigative techniques" to include "the use of devices to measure employee exposures and the

---

[2]The Occupational Safety and Health Act gives the Secretary of Labor and the Secretary of Health and Human Services authority to make rules "to carry out their responsibilities under this chapter, including rules and regulations dealing with the inspection of an employer's establishment." 29 U.S.C.A. § 657(g)(2).

attachment of personal sampling equipment such as dosimeters ... to employees in order to monitor their exposures." *Id.*

This Court has agreed with the Secretary that the use of sampling devices is reasonable within the meaning of the agency's enabling statutes. *Service Foundry Co. v. Donovan,* 721 F.2d 492, 496 (5th Cir.1983). But the holding that use of personal sampling devices is reasonable was qualified, in that the *Service Foundry* panel reco gnized "OSHA's practice of merely asking and not requiring employees to wear the sampling devices." The *Service Foundry* court limited its holding that the general practice of using personal sampling devices is reasonable, "*[a]s long as the Secretary follows [asking not requiring] this practice.*" *Id.* at 497.

The Secretary, too, envisioned this limitation to her authority. Upon publishing the proposed regulation allowing personal sampling devices, the Secretary received several comments urging "that employees who decline to wear personal samplers should not be compelled by OSHA to wear the devices." *See* 47 Fed.Reg. 55,478 (1982) (amending 29 C.F.R. pt. 1903.7). After giving these comments due administrative consideration, the Secretary explained,

> With respect to those who decline [to wear the sampling devices when asked], it is neither agency practice nor po licy to compel an employee to wear a personal sampling device. Rather, when faced with such a refusal, the agency attempts to ascertain and alleviate the employee's concern; if these efforts are unsuccessful, another employee is asked to wear the device.

*Id.*

The Secretary has enunciated her policy not to compel employees to wear sampling devices, and this Court in *Service Foundry* recognized that OSHA's use of personal sampling devices is reasonable so long as OSHA does not force employees to wear them. Because OSHA cannot compel employees to wear personal sampling devices, we hold that the district court's order compelling Defendants to require their employees to wear dosimeters too broadly extended the investigative

powers of the Secretary.  Accordingly, we reverse the remedial order and remand for reformulation of an appropriate sanction for Defendants' contempt.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.