**Revised June 14, 1999**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 98-40353**
_____

**PIGGLY WIGGLY CLARKSVILLE, INC; ET AL,**

**Planitiffs,**

**JOHNSON COUNTY PLAINTIFFS,**

**Plaintiff-Appellee,**

**VERSUS**

**MRS BAIRD'S BAKERIES; ET AL,**

**Defendants,**

**VERSUS**

**PAT COYLE,**

**Movant-Appellant,**

**VERSUS**

**JOHNNY B. TUCKER, ET AL,**

**Appellees.**

Appeal from the United States District Court
for the Eastern District of Texas

June 10, 1999

Before REYNALDO G. GARZA, POLITZ and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## I. Factual and Procedural Background

In July of 1996, several parties brought suit in Texas state court alleging federal and state antitrust violations by numerous bakeries ("First Case"). Mrs. Baird's Bakeries, one of the defendant bakeries, filed for bankruptcy. As a result of the bankruptcy proceeding, the First Case was removed and assigned to the United States Bankruptcy Court for the Northern District of Texas. That proceeding, in conjunction with a settlement by Mrs. Baird's Bakeries of the pending antitrust claims, was transferred to the United States District Court for the Eastern District of Texas for administration of the settlement. Plaintiffs and intervenors in the First Case entered into a "Stipulation and Settlement Agreement" ("the Agreement") with Campbell Taggart Baking Co., Inc. ("Campbell") and other defendant bakeries.[1]

On December 9, 1996, the district court approved the Agreement and a final order was issued. The final order bars all parties to the settlement from:

> instituting, maintaining, prosecuting, or continuing to maintain or prosecute any
> suit or action, or collecting from or proceeding against Campbell Taggart . . . [and

---

[1]Interstate Brands Corporation ("IBC") the successor to Continental Baking Company ("Continental"), was involved in the First Case; however, it was not a settling party in the Agreement.

its] employees . . . based on any claim, demand, cause of action, or liability or any nature whatsoever, whether known or unknown . . . pertaining to pricing or sales practices . . . during the period from and including January 1, 1977 to and including March 28, 1996 which claims . . . are asserted or could have been asserted or arise under any federal or state laws or common or statutory law, including . . . in the Class Actions.

In January of 1997, several of the plaintiffs and intervenors from the First Case and a settlement class member ("Johnson County Plaintiffs") filed suit in the District Court of Johnson County, Texas ("the Johnson County Case") against IBC, Bruce Broadbent, and Appellant, Pat Coyle ("Coyle") alleging a price fixing conspiracy involving the sale of bread and bread products in Texas from March of 1993 to March of 1995 in violation of Texas antitrust laws. Coyle had been employed by IBC and its corporate predecessor, Continental from 1975 to December 7, 1995. On December 11, 1995, Coyle began his employment with Campbell. The Johnson County Plaintiffs alleged that Coyle participated in the price-fixing conspiracy during his twenty year employment with IBC. The Johnson County Plaintiffs based their claims on Coyle's conduct prior to his employment with Campbell.

In June of 1997, Coyle moved in the United States District Court for the Eastern District of Texas for civil contempt against the Johnson County Plaintiffs. Coyle asserted that the Agreement released all present and former employees of Campbell and that he was an employee of Campbell at the time of the signing of the Agreement. Coyle also requested that the district court enjoin the Johnson County Plaintiffs from proceeding against him in the Johnson County Case.

In January of 1998, the district court denied Coyle's motions. In February of 1998, Coyle appealed the denial of his motions for contempt and to enjoin the Johnson County Plaintiffs from

proceeding against him in the Johnson County Case.  In June of 1998, the jury in the Johnson

County Case returned a no liability verdict.

## *II.  Discussion*

Coyle raises two issues on appeal: (1) whether  the district court abused its discretion by

concluding that the Johnson County Plaintiffs did not violate its final order and by denying

Coyle's motion to hold the Johnson County Plaintiffs in contempt; and (2) whether the district

court abused its discretion by denying Coyle's motion to enjoin the Johnson County Plaintiffs

from proceeding in state court.

### Standard of Review

We review a district court's refusal to hold a party in civil contempt under the abuse of

discretion standard.  *Neely v. City of Grenada*, 799 F.2d 203, 207 (5th Cir. 1986); *see e.g.*, *Smith

v. Smith*, 145 F.3d 335, 341(5th Cir. 1998).  In addition, the abuse of discretion standard is

utilized in our  review of the district court's refusal to issue an injunction.  *DSC Communications

Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

### Civil Contempt

It is firmly established that in a civil contempt proceeding, the party seeking an order of

contempt need only establish by clear and convincing evidence: (1) that a court order was in

effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent

failed to comply with the court's order.  *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)

4

(citing *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)).

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (quoting *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). "The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Martin*, 959 F.2d at 47 (quoting *Baddock v. Villard* (In re Baum), 606 F.2d 592, 593 (5th Cir. 1979)). Therefore, the contempt power should only be invoked where a specific aspect of the injunction has been clearly violated. *Martin*, 959 F.2d at 47.

It is undisputed that the district court's final order was in effect when the Johnson County Plaintiffs filed their state court action. Coyle asserts that the district court's final order barred any member of the settlement class from prosecuting any present employee of Campbell and that he was an employee of Campbell at the time the order became effective. In addition, Coyle contends that the Johnson County Plaintiffs have violated the district court's order by pursuing their state law claim and that the district court erred in not reaching that conclusion. Coyle also argues that the district court effectively rewrote the agreement and order.

This Court finds that the district court is correct in its analysis and interpretation of the Agreement and in its conclusion that the Johnson County Plaintiffs did not violate its final order. The district court properly determined that a reading of the final order demonstrated that Campbell's employees should be insulated from liability *only* for conduct occurring during their employment by Campbell. Accordingly, the district court appropriately noted that if the final

5

order was interpreted in any other way, such a reading would allow IBC and its employees the benefit of a settlement agreement to which it was not a party.

This Court notes that Coyle is essentially attempting to hide behind the Agreement entered into by Campbell in the First Case. This Court will not allow Coyle to shield himself from litigation by simply changing employers. Coyle's alleged participation in a price-fixing conspiracy which transpired during his twenty-year employment with IBC cannot be circumvented in this manner. Accordingly, because we find that the Johnson County Plaintiffs did not violate the district court's final order, we hold that the district court did not abuse its discretion by refusing to hold the Johnson County Plaintiffs in civil contempt.

Injunction

Coyle asserts that the district court abused its discretion by denying his motion to enjoin the Johnson County Plaintiffs from proceeding against him in the Johnson County Case. We conclude, however, that this issue is moot because Coyle prevailed at the trial of the Johnson County Case. A claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see Smith v. Winter*, 782 F.2d 508, 510 (5th Cir. 1986). Clearly, the state trial court action has been decided and therefore the issue of the denial of the injunction is moot. Furthermore, the trial of the Johnson County Case is the basis of Coyle's appeal. Nevertheless, Coyle states that the Johnson County Plaintiffs have indicated the possibility of additional action. Coyle, however, has failed to provide this Court with any evidence demonstrating that any further action has already been initiated. Coyle's subjective fears of a new trial or of state appellate

6

review are, alone, insufficient to confer this Court with jurisdiction.  Accordingly, we hold,  based

upon the record before this Court, that there is not a sufficient basis for the requisite Article III

case or controversy.


### III. Conclusion

We hold that the district court did not abuse its discretion by concluding that the Johnson

County Plaintiffs did not violate the district court's final order and by denying Coyle's motion to

hold the Johnson County Plaintiffs in contempt.  In addition, we decline to address the district

court's denial of Coyle's motion to enjoin the Johnson County Plaintiffs because of mootness.

Accordingly, the decision of the district court is hereby AFFIRMED.

RHESA HAWKINS BARKSDALE, Circuit Judge, specially concurring:

I agree with the majority that the injunction issue is moot; and that the district judge did not abuse his discretion regarding the contempt issue. But, I disagree respectfully with the majority's conclusion that Coyle was not sheltered by the settlement and the ensuing district court order approving it. Pursuant to their plain wording, he was. Nevertheless, reasonable persons can differ on this point. Accordingly, the district court did not abuse its discretion in refusing to hold the Johnson County Plaintiffs in contempt.