TCI/TKR CABLE of Northern Kentucky and Insight Kentucky Partners II, Plaintiffs-Appellants,

v.

R. Stafford JOHNSON, Defendant-Appellee.

No. 00–6449.

United States Court of Appeals, Sixth Circuit.

March 12, 2002.

Before RYAN and GILMAN, Circuit Judges; POLSTER, District Judge.*

OPINION

GILMAN, Circuit Judge.

Two cable companies, TCI/TKR of Northern Kentucky and Insight Kentucky Partners II (collectively, TCI/TKR), brought a declaratory judgment action in federal district court against R. Stafford Johnson, seeking to prevent Johnson from litigating his state class action suit that challenged TCI/TKR's practice of requiring subscribers to pay a prorated share of the Kentucky Public Service Corporation (KPSC) tax. Johnson moved to dismiss TCI/TKR's action based upon a lack of subject matter jurisdiction. The district court granted Johnson's motion. For the reasons set forth below, we VACATE the judgment of the district court and REMAND this case with instructions that the action be dismissed as moot.

I. BACKGROUND

TCI/TKR provides cable television services to subscribers in northern Kentucky. All public service corporations operating in Kentucky, including TCI/TKR, must pay the KPSC tax. Since 1990, TCI/TKR has required each of its subscribers to pay a prorated share of the tax. This share appears as a separate itemized amount on the subscriber's cable bill.

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

The practice of passing along the KPSC tax to subscribers first met resistance in 1994. That year, the Kenton/Boone Counties Cable Television Board ordered TCI/TKR to stop the practice and refund the amounts collected for the KPSC tax since 1993. TCI/TKR appealed the Television Board's order to the Federal Communications Commission (FCC), which subsequently remanded the matter back to the Board for additional factual findings. This order remains pending before the Television Board.

Johnson, a TCI/TKR subscriber, challenged TCI/TKR's pass-through practice in a class action lawsuit filed in the Boone County Circuit Court in October of 1999. He argued that TCI/TKR could charge subscribers only for those taxes "arising from the transaction between subscriber and cable company." The KPSC tax, according to Johnson, is a property tax rather than a tax related to the actual provision of cable services to subscribers. He therefore sued TCI/TKR for breach of contract, fraudulent misrepresentation, concealment, and unlawful consumer trade practices under the Kentucky Consumer Protection Act.

TCI/TKR responded to Johnson's class action suit by filing a declaratory judgment action in the United States District Court for the Eastern District of Kentucky. In this action, TCI/TKR sought a ruling that the Cable Television Consumer Protection and Competition Act of 1992 (1992 Cable Act) "exclusively controls" whether a cable operator can pass through a tax to subscribers. TCI/TKR further requested a declaration that the FCC, and any local franchising boards operating under FCC auspices (such as the Television Board), have exclusive jurisdiction over any cable rate dispute. Finally, TCI/TKR asked the district court to prevent Johnson "from taking any action against [TCI/TKR] so long as the Board and the FCC are still reviewing the merits of [TCI/TKR's] line itemization of the KPSC tax."

Johnson replied by filing a motion to dismiss TCI/TKR's declaratory judgment action. He argued that the action raised only anticipatory federal defenses to his state class action complaint, and therefore failed to present a federal question. Accordingly, Johnson moved for dismissal of the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

TCI/TKR countered by filing a motion for summary judgment. While this motion was pending, the Boone County Circuit Court dismissed Johnson's class action suit. The state court determined that another class action raising similar issues had already been filed in the Franklin County Circuit Court. This "superior" action, in the state court's view, required dismissal of Johnson's suit. Based upon the dismissal of his state-court action, Johnson argued in his opposition to TCI/TKR's motion for summary judgment that the federal declaratory judgment action was now moot.

The district court subsequently granted Johnson's motion to dismiss and denied TCI/TKR's motion for summary judgment. In granting the motion to dismiss, the court did not address Johnson's mootness argument. Instead, the district court determined that TCI/TKR's declaratory judgment action failed to present a federal question. The court thus dismissed the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). This timely appeal followed.

## II. ANALYSIS

TCI/TKR brought the present case pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C. § 2201. The Act authorizes the federal district courts to "declare the rights and other legal relations of any

interested party seeking such declaration ...," but only where the district court is presented with "a case of actual controversy." *Id.* This limitation mirrors the constitutional requirement that the federal district courts adjudicate only actual "cases" or "controversies." U.S. Const., art. III, § 2; *Brennan v. Rhodes,* 423 F.2d 706, 706–07 (6th Cir.1970) (stating that the Act "does not broaden the jurisdiction granted to the federal courts by the Constitution and statutes enacted pursuant thereto," and that, consequently, "[t]here still must be a case or controversy before a federal court can assume jurisdiction and reach the merits of a [declaratory judgment action]").

Declaratory judgment actions often require courts to face the difficult task of distinguishing "between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies." *Kardules v. City of Columbus,* 95 F.3d 1335, 1343–44 (6th Cir.1996) (citation omitted). No bright-line test guides this inquiry. As the Supreme Court has recognized, "it would be difficult, if it would be possible, to fashion a precise test for determining in every [declaratory judgment] case whether there is [an actual] controversy." *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) (citation omitted).

But we are not left without any guidance in determining whether a declaratory judgment action presents an actual controversy. The Supreme Court has explained that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted). In other words, the dispute "must be definite and concrete" and must allow for "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Aetna Life Ins. Co. v. Hayworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

Turning to the present case, Johnson argues that TCI/TKR's declaratory judgment action is moot. Although the district court did not dismiss TCI/TKR's complaint on this ground, we are free to review this legal issue de novo. *Southwest Williamson County Community Ass'n, Inc. v. Slater,* 243 F.3d 270, 276 (6th Cir.2001) (recognizing that federal appellate courts have a "continuing obligation to assess the justiciability of the claims before us because '[t]he mootness inquiry must be made at every stage of a case'") (quoting *McPherson v. Michigan High Sch. Athletic Ass'n,* 119 F.3d 453, 458 (6th Cir.1997) (en banc)); *Craft v. United States,* 233 F.3d 358, 373 (6th Cir.2000) ("We review questions of mootness de novo.").

TCI/TKR seeks a declaratory judgment that would bar Johnson's state class action suit from proceeding. Johnson's suit, however, has been dismissed. Any ruling with regard to the legal issues presented in the state court action would thus advise "what the law would be upon a hypothetical set of facts." *Aetna Life Ins. Co.,* 300 U.S. at 241, 57 S.Ct. 461. Both the Constitution and the Declaratory Judgment Act prevent the district court from rendering such an advisory opinion.

TCI/TKR contends, however, that its declaratory judgment action presents an actual controversy because Johnson's class action suit was dismissed without prejudice. Such a dismissal, according to TCI/TKR, does not prevent Johnson from bringing his claims again, either by intervening in the Franklin County case or by refusing to opt-out once the class is certified in that action. Indeed, TCI/TKR points out that Johnson filed a motion to

intervene in the Franklin County action. TCI/TKR maintains that the prospect of Johnson pursuing his claims in the future is sufficient to establish the actual controversy necessary to sustain its declaratory judgment action in federal court.

To support its argument, TCI/TKR relies upon the Supreme Court's decision in *United States v. Generix Drug Corporation,* 460 U.S. 453, 103 S.Ct. 1298, 75 L.Ed.2d 198 (1983). In *Generix Drug Corporation,* the government brought suit against a drug manufacturer that had sold generic drug products without first obtaining the approval of the Food and Drug Administration (FDA). The drug manufacturer argued that the action was moot because it promised that, in the future, it would sell generic drugs only after receiving FDA approval. Rejecting this argument, the Court stated that "[t]he possibility that [the drug manufacturer] may change its mind in the future is sufficient to preclude a finding of mootness." *Id.* at 456 n. 6, 103 S.Ct. 1298.

The Court in *Generix Drug Corporation* relied upon the well-settled principle "that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982) (cited in *Generix Drug Corp.,* 460 U.S. at 456 n. 6, 103 S.Ct. 1298). This principle prevents defendants from avoiding enforcement of the law by ceasing allegedly illegal conduct each time a legal challenge is filed, only to return to that conduct at a later time. *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) (explaining that the principle "rightly" denies defendants "a powerful weapon against public law enforcement"); *United States v. Oregon State Med. Soc'y,* 343 U.S. 326, 333, 72 S.Ct. 690, 96 L.Ed. 978 (1952) ("It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption.").

The concern underlying the holding in *Generix Drug Corporation,* however, is absent in the present case. Johnson did not voluntarily dismiss his state class action lawsuit. The suit was instead dismissed by the state court. This negates the inference that Johnson was seeking to thwart the enforcement of the law by abandoning his state class action suit with the intent of refiling the suit after the dismissal of TCI/TKR's declaratory judgment action. Accordingly, TCI/TKR's reliance upon *Generix Drug Corporation* is misplaced.

TCI/TKR next argues that the Supreme Court's decision in *Linmark Associates v. Township of Willingboro,* 431 U.S. 85, 87, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977), compels us to reject Johnson's mootness argument. In *Linmark Associates,* the Court held that a real estate agent could challenge a city ordinance limiting the use of "for sale" signs even after the particular piece of property that gave rise to the challenge had been sold. The Court determined that the case was not moot because there was an "immediate prospect" that the agent would seek to place the signs on other property in the city. *Id.* at 86 n. 1, 97 S.Ct. 1614 (internal quotation marks and citation omitted).

In the present case, however, TCI/TKR does not face an "immediate prospect" of defending Johnson's state-law claims. Although TCI/TKR maintains that Johnson filed a motion to intervene in the Franklin County action, Johnson has represented in his brief and again at oral argument that he subsequently withdrew that motion–a representation that TCI/TKR does not challenge. The status of the Franklin County class action lawsuit, as well as

Johnson's participation in it, therefore remains uncertain at this point. Indeed, TCI/TKR concedes that a class has yet to be certified in the Franklin County action. TCI/TKR thus invites us to recognize an actual controversy based upon speculation as to Johnson's future litigation plans. We decline this invitation. *See Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries,* 177 F.3d 380, 383 (5th Cir.1999) (holding that the completion of a state court trial mooted the defendant's motion to enjoin the state court proceedings despite the defendant's "subjective fears of a new trial or of state appellate review").

Based on all of the above, we conclude that TCI/TKR's declaratory judgment action is moot. Absent an actual controversy, we will not address whether the 1992 Cable Act completely preempts the field of cable-rate regulation, a question that has yet to be resolved by any federal court.

### III. CONCLUSION

For all of the above reasons, we VACATE the judgment of the district court and REMAND this case with instructions that the action be dismissed as moot. *United States v. Taylor,* 8 F.3d 1074, 1077 (6th Cir.1993) ("Where an order appealed from is unreviewable because of mootness, the appropriate thing for us to do, curiously enough, is to vacate the order.").