United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

02-11081
Summary Calendar

PIONEER NATURAL RESOURCES USA, INC.,

Plaintiff-Counter Defendant-Appellee,

VERSUS

PAPER, ALLIED INDUSTRIAL, CHEMICAL AND ENERGY WORKERS
INTERNATIONAL UNION LOCAL 4-487,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

DUHÉ, Circuit Judge:

Pioneer Natural Resources USA, Inc. ("Pioneer") sued the Paper
Allied Industrial Chemical and Energy Workers International Union
Local 4-487 ("the Union") to vacate an arbitration award in favor
of a former employee. The Union counterclaimed, seeking
enforcement of that award as well as two awards affecting two other
former employees; the Union also sought damages caused by Pioneer's
refusal to abide by the awards. On cross-motions for summary
judgment, the district court entered a judgment for the Union
enforcing the arbitration awards, including reinstatement of the

three former employees. Pioneer did not appeal the ruling on enforceability. After post judgment motions, the court amended the judgment to limit enforceability of the awards to the period before the Union was decertified as the collective bargaining representative for these employees. From the amended final judgment, the Union appeals. We affirm.

I.

After Pioneer discharged three employees in 1999, the Union grieved the discharges pursuant to a collective bargaining agreement ("CBA") and then sought arbitration. Three different arbitrators in separate proceedings found the discharges unreasonable and ordered reinstatement.

The district court in 2001 enforced the awards according to their terms, and ordered reinstatement of the three employees. On September 18, 2000, however, the Union had been decertified as the collective bargaining representative at the plant where the three employees formerly worked.

Pioneer's counsel notified the Union's counsel that she believed, in view of the earlier termination of the CBA, that Pioneer could comply with the "reinstatement" portion of the judgment by modifying its records to reflect that the former employees were reinstated on the dates set out in the awards and discharged on September 17, 2000. Thus Pioneer would offer only back pay for that interim period to satisfy the judgment, and no actual reinstatement would ensue.

2

Pioneer moved the court to amend the final judgment to provide that the awards were not enforceable beyond September 17, 2000. The Union moved the court to find Pioneer in contempt of the judgment based on counsel's letter and refusal to reinstate. The Union also moved to amend the judgment to provide that each of the employees be made whole by an award of the same benefits the others had received.

The court denied both of the Union's motions, and granted Pioneer's motion in part, holding that the CBA terminated on the date of decertification and holding the awards enforceable only through the CBA's termination date. Only the matters addressed in the post judgment motions are at issue in this appeal.

II.

We generally review a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000); Midland West Corp. v. FDIC, 911 F.2d 1141, 1145 (5th Cir. 1990). To the extent that a ruling was a reconsideration of a question of law, however, the standard of review is de novo. Tyler v. Union Oil Co., 304 F.3d 379, 405 (5th Cir. 2002); Fletcher, 210 F.3d at 512. This Court reviews a district court's refusal to hold a party in civil contempt under the abuse of discretion standard. Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, 177 F.3d 380, 382 (5th Cir. 1999).

III.

The Union first disputes the district court's limitation of the arbitration awards to the period before the Union was decertified. When the NLRB decertified the Union on September 18, 2000, the CBA automatically terminated by operation of law. See Sheet Metal Workers' Int'l Ass'n. Local 206 v. West Coast Sheet Metal Co., 954 F.2d 1506 (9th Cir. 1992) (holding that CBA became void prospectively as of the decertification of the Union). Arbitration awards ordering reinstatement and back pay to employees discharged in violation of a CBA will not be enforced for any period after the CBA has expired. Miscellaneous Drivers v. VDA Moving & Storage, Inc., 447 F. Supp. 439, 443 (E.D. Mo. 1978) (back pay provisions of arbitration award are enforceable through date the CBA expired); see also International Chem. Workers Union (AFL-CIO), Local 227 v. BASF Wyandotte Corp., 774 F.2d 43, 46 (2d Cir. 1985) (payment of back pay wages through the date CBA expires has the practical effect of "reinstating" then re-terminating the employee).

When the Union was decertified, the employees lost all job protection under the CBA. With no promise of continued employment, they could be discharged as at-will employees. See Hospital Employees, Local 1273 v. Deaton Hosp. & Med. Ctr., 671 F. Supp. 1049, 1051 (D. Md. 1986). Nothing in the CBA could create an expectation that the employees would continue to enjoy the same protections beyond the expiration of the contract. See General

4

Warehousemen & Helpers Local 762 v. Standard Brands, Inc., 579 F.2d 1282, 1285 (5th Cir. 1978) (en banc), cert. denied, 441 U.S. 957, 99 S.Ct. 2420, 60 L.Ed.2d 1075 (1979), and cert. denied, 443 U.S. 913, 99 S.Ct. 3103, 61 L.Ed.2d 877 (1979). The court correctly amended the judgment to enforce the awards only through September 17, 2000.

IV.

The Union next complains about the district court's omission of an award for additional relief to the former employees, asking for "make whole" damages so that each employee would receive the same benefits the others were awarded.

The district court did not have the authority to modify the arbitral awards to include relief that a party either could have asked the arbitrator to award but did not, or that the arbitrator saw fit not to award. E.g., Gateway Techs., Inc. v. MCI Telecomms. Corp., 64 F.3d 993, 998 (5th Cir. 1995) (no raising new arguments in federal court); Kerr-McGee Chem. Corp. v. United Steelworkers, 800 F. Supp. 1405, 1411-12 (N.D. Miss. 1992) (attempt to secure additional damages over arbitrator's remedy was unjustified), aff'd, 988 F.2d 1214 (5th Cir. 1993).[1]

---

[1] The Union also argues on appeal that the court could have awarded money damages if it found that Pioneer had no good basis to refuse to abide by the labor arbitration awards. That ground was not presented to the district court and cannot be advanced for the first time on appeal. Lauderdale County School Dist. v. Enterprise Consol. School Dist., 24 F.3d 671, 687 (5th Cir.), cert. denied, 513 U.S. 988, 115 S.Ct. 484, 130 L.Ed.2d 397 (1994).

We find no legal basis to award additional relief for the losses allegedly sustained by the former employees. The district court properly denied the Union's request to so amend the judgment.

V.

The Union moved the district court to hold Pioneer in contempt for refusing to reinstate the employees. When the motion for contempt was filed, the judgment enforcing the arbitration award was subject to reconsideration. On reconsideration, the district court in fact amended the judgment to reflect that Pioneer's obligations under the awards extended only through September 17, 2000. To the extent that the Union's motion pertains to a judgment that has since been modified, the motion became moot with the amendment of the judgment.

Nothing in the judgment as amended requires Pioneer to reinstate the individuals after September 17, 2000, so as to support a holding that Pioneer's conduct was contemptuous. See Piggly Wiggly, 177 F.3d at 382 (requiring, for proof of contempt, clear and convincing evidence that an order in effect required "certain conduct" by the respondent and the respondent failed to comply); United Steelworkers v. Overly Mfg. Co., 438 F. Supp. 922, 927 (W.D. Pa. 1977) (finding no contempt in employer's refusal to reinstate employee after expiration of CBA and decertification of union as collective bargaining agent); see also Miscellaneous Drivers, 447 F. Supp. at 443 (reinstatement is moot after CBA expires).

6

The district court did not abuse its discretion by declining to find Pioneer in contempt.

Conclusion

Accordingly, the district court's judgment is in all respects AFFIRMED.