IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40992
Summary Calendar

FEDERAL DEPOSIT INSURANCE CORPORATION

Plaintiff

V.

STEVE MORRISS

Defendant - Appellee

V.

TARECO PROPERTIES, INC, Garnishor

Movant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-MC-24

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tareco Properties, Inc. petitioned the district court to order Steve Morriss
to turn over assets and properties for the satisfaction of an earlier judgment.
Tareco now appeals the district court's denial of its motion for turnover with
respect to some of these properties and assets. Tareco also appeals the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's denial of a preliminary injunction to "prevent Steve Morriss from transferring such property or selling it and dissipating the proceeds." We affirm.

Tareco motioned for turnover under Texas Civil Practice and Remedies Code Section 31.002, commonly referred to as the Texas Turnover Statute. This statute is a procedural mechanism by which judgment creditors can reach assets of a judgment debtor that are otherwise difficult to attach or levy on by ordinary legal process. See Maiz v. Virani, 311 F.3d 334, 342 (5th Cir. 2002); Beaumont Bank v. Buller, 806 S.W.2d 223, 224 (Tex. 1991).

We review a district court's turnover judgment for abuse of discretion. Bolloré S.A. v. Import Warehouse, Inc., 448 F.3d 317, 321 (5th Cir. 2006). A court abuses its discretion when it acts "in an unreasonable or arbitrary manner . . . without reference to any guiding rules and principles." Id. (internal quotation marks and citation omitted). Based on the available evidence, the district court did not abuse its discretion in denying Tareco's motion for turnover. Due in part to our conclusion that the district court properly denied Tareco's turnover motion, we also hold that the court did not abuse its discretion in refusing to issue the injunction. See Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, 177 F.3d 380, 382 (5th Cir. 1999) ("[T]he abuse of discretion standard is utilized in our review of the district court's refusal to issue an injunction.").

AFFIRMED