# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20742
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

REGINALD WAYNE GUILLORY,

Plaintiff–Appellant,

v.

PAUL DAY, StaffCo; STAFFING COMPANIES, INCORPORATED; PENSKE TRUCK LEASING COMPANY, LIMITED PARTNERSHIP,

Defendants–Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3475

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Reginald Wayne Guillory, a pre-trial detainee in the custody of the Harris County Sheriff's Office, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Reviewing the district court's dismissal de novo, *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam), we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff pleads facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).  The district court held that Guillory's complaint did not raise a viable § 1983 claim because he did not present facts showing that the appellees were state actors acting under color of law or that they deprived him of a federal right.

None of Guillory's arguments address the district court's holding in this regard.  Without raising such allegations, the district court could not "draw the reasonable inference that the defendant[s] [were] liable [under § 1983] for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see James*, 535 F.3d at 373.  Guillory's failure to assign error to and brief the district court's holding renders the issue waived, and he therefore has shown no error on the part of the district court in dismissing his suit for failure to state a claim.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  He also has not shown that the district court abused its discretion in denying his postjudgment motion, construed as one filed pursuant to Federal Rule of Civil Procedure 59(e).  *See Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4–487*, 328 F.3d 818, 820 (5th Cir. 2003).

No. 15-20742

Guillory is informed that our affirmance of the district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (holding dismissals as frivolous in the district courts and the court of appeals count as strikes for § 1915(g)); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Guillory is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.