# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2015

Lyle W. Cayce
Clerk

No. 14-41213

THE MUECKE COMPANY, INCORPORATED; BRUCE ROGERS, individually and doing business as Rogers Pharmacy; BROOKSHIRE BROTHERS PHARMACY OF KIRBYVILLE, TEXAS; DE LA ROSA PHARMACY, INCORPORATED; HOMETOWN PHARMACY, L.C.; ROBERT KINSEY INVESTMENTS, INCORPORATED, doing business as Kinsey's Pharmacy,

> Plaintiffs - Appellants

v.

CVS CAREMARK CORPORATION; CVS PHARMACY, INCORPORATED; CAREMARK RX, L.L.C.,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CV-78

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Several independent retail pharmacies appeal the district court's grant of a motion to compel arbitration of their RICO and misappropriation of trade

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41213

secrets claims against several CVS entities. A recent decision from our circuit has almost entirely disposed of the issue. Consequently, we AFFIRM.


FACTS AND PROCEDURAL BACKGROUND

The plaintiffs are independent retail pharmacies in Texas that filed claims against several CVS entities for racketeering, trade secret misappropriation, and violations of the Texas Any Willing Provider Law[1] in September 2010. In their RICO/trade secret claims, the plaintiffs alleged CVS used the plaintiffs' patients' names and health information to market CVS products and services to the plaintiffs' customers. The plaintiffs claim those names and the information were trade secrets and that CVS misappropriated them.

The defendants moved to compel arbitration pursuant to an arbitration provision in the provider agreements. Only one of the defendants was a signatory; all of the plaintiffs were signatories. The defendants based their motion on equitable estoppel, contending that the plaintiffs should not be allowed to raise claims based on the provider agreements while simultaneously avoiding the arbitration provision. There was no dispute that Arizona law controlled the interpretation of the provider agreements. Applying Arizona law, the magistrate judge recommended against compelling arbitration for the non-signatory defendants because he found that the claims could be litigated without reference to the contracts containing the arbitration provision. The magistrate judge stated: "The only relevance of the provider agreements to these claims is to explain how [the] [d]efendants obtained the information in the first place."

---

[1] The plaintiffs have since dismissed the only defendant to which their Texas Any Willing Provider claim applied.

No. 14-41213

The district court adopted the magistrate judge's memorandum and recommendations. It ordered arbitration between the plaintiffs and the lone signatory defendant, Caremark, L.L.C. It stayed claims against the non-signatory defendants – CVS Caremark, CVS Pharmacy, and Caremark Rx – pending the completion of arbitration to avoid inconsistent outcomes and comply with the Federal Arbitration Act.

The non-signatory parties appealed to this court. We affirmed in a short, unpublished opinion, holding that under the abuse of discretion standard, the district court did not err in denying the motion to compel arbitration with regard to the non-signatories. *Muecke Co. v. CVS Caremark Corp.*, 512 F. App'x 395 (5th Cir. 2013) ("*Muecke I*").

The plaintiffs did not initiate arbitration. Instead, they waited until the time expired for the defendants to seek review of *Muecke I* by the United States Supreme Court. Once that period ended, they moved to dismiss the claims that were to be arbitrated against Caremark, L.L.C. After briefing on both the voluntary dismissal and lifting of the stay pending arbitration, the district court granted the dismissal of the sole signatory defendant, Caremark, L.L.C., and lifted the stay as to the other defendants. The district court reminded the plaintiffs that if they later raised any issue related to the contracts the court would again compel arbitration even with regard to the remaining non-signatories.

In April 2014, this court issued a precedential opinion in a related case. *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249 (5th Cir. 2014). That suit involved similarly situated plaintiffs who sued Caremark, L.L.C., CVS Caremark, CVS Pharmacy, and Caremark Rx. *Id.* at 254. The plaintiffs asserted trade secret misappropriation claims as well as other claims. *Id.* It is undisputed that Caremark, L.L.C. and the *Crawford* plaintiffs entered into the same provider agreements that are at issue here. *Id.* Three

of the *Crawford* defendants were non-signatories to the provider agreements, but all four moved to compel arbitration. *Id.*

The *Crawford* plaintiffs argued that they should not be compelled to arbitrate claims against non-signatories, their claims were not subject to the provider agreements, and the provider agreements and the provider manual's arbitration clause were procedurally and substantively unconscionable under Mississippi law. *Id.* at 254-55. This court recognized, as did the district court in *Muecke I*, that the Supreme Court has held that the Federal Arbitration Act permits state-law contract theories such as equitable estoppel to compel arbitration against nonparties. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009). Applying that concept, this court held that "[t]he relevant Arizona law, made controlling by the Provider Agreement's choice-of-law clause, supports the non-signatory [d]efendants' motion to enforce the agreement to arbitrate . . . based on state-law equitable estoppel doctrine." *Crawford*, 748 F.3d at 255.

The *Crawford* court found that Arizona case law on equitable estoppel was unhelpful, so it followed the Arizona Supreme Court's direction to consider California law in the absence of relevant Arizona law. *Id.* at 260. It identified a California Supreme Court decision advising courts to consider whether "'claims against the [non-signatory defendants] are founded in and inextricably bound up with the obligations imposed by the agreement containing the arbitration clause'" when determining whether to apply equitable estoppel to an arbitration agreement. *Id.* (quoting *Goldman v. KPMG LLP*, 92 Cal. Rptr. 3d 534, 541 (Cal. Ct. App. 2009)). The court held that under the elements of the plaintiffs' trade secret claims, they needed to prove the defendants gained the secrets through "breach of a confidential relationship or discover[y] by improper means." *Id.* at 261 (citation and quotation marks omitted). Because the plaintiffs alleged they voluntarily gave the information to the defendants,

the plaintiffs would have to demonstrate that the defendants' use of the information had "exceeded the scope of their permitted use . . . ." in the provider agreements. *Id.* Thus, the plaintiffs' claims were "'inextricably bound up with the obligations imposed by the agreement containing the arbitration clause.'" *Id.* (quoting *Goldman*, 92 Cal. Rptr. 3d at 541).

The remaining defendants in the current case, relying on *Crawford*, filed a motion for reconsideration of the court's decision on arbitration. The magistrate judge recommended reconsideration because it found that *Crawford* was an intervening change in the law. The magistrate judge had used a "derived-benefit standard" to determine that the plaintiffs were not claiming any benefit under the contract, but the *Crawford* court held that the elements of the plaintiffs' trade secret misappropriation claims should be considered. The magistrate judge recognized that the elements for trade secret misappropriation in Texas, like those in Mississippi, require a plaintiff to show the "secrets are discovered through improper means." Because it would be necessary to show how the defendants acquired their information, the misappropriation claims were "'founded in and inextricably bound up with' the terms and conditions of the provider agreements."

The magistrate judge also held that changes in the factual development in the case warranted reconsideration because the changes demonstrated that "interpretation of the information-usage terms of the provider agreements is inescapable for the claims in this case." The magistrate judge recommended the district court compel the plaintiffs to arbitrate their claims against the non-signatory defendants. The district court agreed, adopted all recommendations, granted the motion to compel arbitration on all claims, and dismissed the case. The plaintiffs appealed.

No. 14-41213

DISCUSSION

The plaintiffs contend that the district court erred by granting reconsideration and compelling arbitration.  We review a district court's decision to grant a motion to reconsider under Federal Rule of Civil Procedure 59(e) for abuse of discretion.  *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721-22 (5th Cir. 2013).  "'To the extent that a ruling was a reconsideration of a question of law, however, the standard of review is *de novo*.'"  *Id.* at 722 (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Loc. 4-487*, 328 F.3d 818, 820 (5th Cir. 2013).  We review a district court's decision to compel arbitration *de novo*, its findings of fact under the clearly erroneous standard, and its "use of equitable estoppel to compel arbitration for an abuse of discretion."  *Crawford*, 748 F.3d at 256.


*A. Whether reconsideration was warranted*

The plaintiffs argue that the law-of-the-case doctrine or, alternatively, the mandate rule prevents the district court from reconsidering its previous order denying the defendants' motion to compel arbitration.  The law-of-the-case doctrine "is not a jurisdictional rule, but a discretionary practice" that "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."  *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (citation and quotation marks omitted).  Unpublished opinions are precedential for purposes of the law of the case.  5TH CIR. R. 47.5.4.  The same theory and rules apply to the mandate rule, which "provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court."  *Matthews*, 312 F.3d at 657 (citation and quotation marks omitted).  The rule does not apply when: "(1) [t]he evidence at a subsequent trial is

substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Id.*

The district court concluded that *Crawford* represented an intervening change in the law, fitting within an exception to the law-of-the case doctrine and the mandate rule. The plaintiffs contend that decision was incorrect because the *Crawford* panel did not consider the provider agreements' no non-party rights provision. That provision states that "no term or provision . . . is for the benefit of any person who is not a party to the [p]rovider [a]greement . . . ." The plaintiffs have argued throughout this litigation that this provision prohibits the non-signatory defendants from compelling arbitration. The *Crawford* panel did not address that provision. The plaintiffs make no other attempt to distinguish the facts of this case from those in *Crawford*. They also argue that *Crawford* could not overrule *Muecke I*, citing several cases in which we held that one panel of this court cannot overrule another even if it perceives error in the precedent.

The magistrate judge specifically concluded that *Crawford* required a different analysis than the one used when first considering the issue. The *Crawford* court considered California precedent to find the relevant law. In *Muecke I*, the magistrate judge had only applied Arizona law. Because an intervening precedential Fifth Circuit decision used a distinctly different analysis for the same contract, the magistrate judge here concluded there was an intervening change of law by a controlling authority.

We agree that *Crawford* represents an intervening change of law by a controlling authority. It is a published opinion in which the court applied a completely different analysis than the one the district court used prior to our decision in *Muecke I*. Moreover, we need not determine whether the law-of-the-case doctrine or mandate rule applies because they are merely procedural.

No. 14-41213

*See Matthews*, 312 F.3d at 657. "So long as a case remains alive, there is power to alter or revoke earlier rulings." *Id.* at 657 n.5 (citation and quotation marks omitted). The district court retained control of this case and altered its earlier ruling. Under *Matthews*, it had the authority to do so. *See id.* Regarding the argument that *Crawford* could not have overruled *Muecke I*, our rules make clear that an unpublished opinion such as *Muecke I* is not precedential. *See* 5TH CIR. R. 47.5.4. Thus, the *Crawford* court was not bound by *Muecke I.*

### B. Whether the district court erred in granting the defendants' motion to compel arbitration

The plaintiffs argue that *Crawford* incorrectly applied Arizona law and incorrectly held that California law required compelling arbitration under the equitable estoppel doctrine. They urge this court to ignore *Crawford* and apply an analysis similar to that in the *Muecke I* district court decision. *Crawford* is controlling precedent, however, and the decision shaped the Fifth Circuit's equitable estoppel analysis as applied to Arizona contracts.

The *Crawford* analysis, discussed at length above, leads to the conclusion that the non-signatory defendants here may compel arbitration under the equitable estoppel doctrine because the elements for the plaintiffs' claims are bound up with the provider agreements. *See Crawford*, 748 F.3d at 261. The district court correctly concluded that liability for a Texas trade secret misappropriation claim arises when trade secrets are obtained through improper means or disclosed or used in a manner that breaches confidence. *See Lamont v. Vaquillas Energy Lopeno Ltd., LLP*, 421 S.W.3d 198, 212 (Tex. App.—San Antonio 2013, no pet.) (quoting *Hyde Corp. v. Huffines*, 314 S.W.2d 763, 769 (Tex. 1958)). The only way to determine how the defendants received the information and the manner in which they were allowed to use it is by referring to the provider agreements. Those claims therefore are bound up

8

with the provider agreements. *See Crawford*, 748 F.3d at 261. As a result, under *Crawford*, the district court did not err in granting the non-signatory defendants' motion to compel arbitration.

The no non-party rights provision does not affect the *Crawford* analysis. Equitable estoppel is based on the premise that "[o]ne should not be permitted to rely on an agreement containing an arbitration clause for its claims, while at the same time repudiating the arbitration provision contained in the same contract." *Id.* at 260 (citation and quotation marks omitted). Equitable estoppel, therefore, overrides a no non-party rights provision in the same way that it overrides an arbitration provision stating that it only applies to disputes between parties. Equitable estoppel recognizes that a non-signatory to the provider agreements would not be able to exercise rights to compel arbitration but for the opposing party's use of the contract for its claims. Because the plaintiffs are suing the defendants as if the defendants were parties to the contract, the plaintiffs cannot then claim the defendants are not parties to other portions of the contract.

Furthermore, the plaintiffs have not directed us to any case law in which a no non-party rights provision barred the application of equitable estoppel. The general equitable estoppel or contract interpretation cases the plaintiffs cite do not discuss such provisions. *Crawford* controls the equitable estoppel analysis. The district court did not err in granting the motion to compel.

AFFIRMED.