# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-30047

JOHN T NETHERLAND

Plaintiff-Appellee

v.

TROY EUBANKS, officially, and individually;
CITY OF ZACHARY, LOUISIANA

Defendants-Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-409

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Troy Eubanks and the City of Zachary, Louisiana (collectively the "City")

appeal a preliminary injunction enjoining their enforcement of Zachary Code

Ordinance § 58-93.2 (the "Ordinance"), which reads, in relevant part, as follows:

> (a) Disturbing the peace is the doing of any of the following in such
> a manner as would foreseeably disturb or alarm the public:
> . . .

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty . . . .

Because the district court did not consider any limiting construction of the Ordinance before finding it facially unconstitutional, we vacate the preliminary injunction and remand the case for reconsideration.

## I. FACTS AND PROCEEDINGS

Netherland took up a position outside of Sidelines Grill ("Sidelines") on the evening of November 18, 2006. The parties disagree about what happened next. Netherland claims that he was quoting Biblical scripture in a loud voice, including I Corinthians 5:9, saying "Know ye not that the unrighteous shall not inherit the Kingdom of God? Neither fornicators, idolaters, adulterers, effeminate, abusers of themselves with mankind, covetous, thieves, revelers, none of these shall enter into the Kingdom of God." He states that he was speaking from a grassy public easement between the Sidelines parking lot and the road. The City claims that Netherland was standing in the parking lot yelling at Sidelines customers that they were fornicators and whores and they were condemned to Hell for going inside the establishment.

The police were called and Netherland was eventually threatened with arrest if he did not stop. He left the scene and later sued for damages, declaratory relief, and injunctive relief under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 28 U.S.C. §§ 2201–02, alleging infringement of his First Amendment rights. Netherland also filed a motion for a preliminary injunction, which the district court granted after a hearing. The district court made several findings of fact, but granted the injunction on the ground that the Ordinance was unconstitutional on its face due to vagueness and overbreadth.

## II. STANDARD OF REVIEW

In order to obtain a preliminary injunction, the plaintiff bears the burden of persuasion on four elements:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). Each of these elements is a mixed question of law and fact where we review the factual findings of the district court for clear error and the legal conclusions de novo. Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998). A facial challenge to the constitutionality of a statute, however, presents a pure question of law, which we review de novo. Ctr. for Individual Freedom v. Carmouche, 449 F.3d 655, 662 (5th Cir. 2006). "[T]he ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion," but if the decision is based on erroneous legal principles, it is reviewed de novo. Hoover, 164 F.3d at 224; Women's Med. Ctr. of Nw. Houston v. Bell, 248 F.3d 411, 419 (5th Cir. 2001).

## III. DISCUSSION

The City's only basis for appeal is that the district court erred in evaluating Netherland's likelihood of prevailing on the merits by finding the Ordinance unconstitutional on its face.

Courts must "proceed with caution and restraint" when considering a facial challenge to the overbreadth and vagueness of a law. Erznoznik v. City of Jacksonville, 422 U.S. 205, 216 (1975). "[A] court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." Vill. of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982). In evaluating such a challenge, "a federal court must, of course, consider any limiting construction that a state court or

enforcement agency has proffered." Id. n.5; see also Ward v. Rock Against Racism, 491 U.S. 781, 795–96 (1989). In the absence of a limiting construction from a state court, federal courts should "presume any narrowing construction or practice to which the law is fairly susceptible." City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 770 n.11 (1988) (internal quotation marks omitted); see also Ernnoznik, 422 U.S. at 216.

In declaring the Ordinance unconstitutional on its face, the district court failed to consider any narrowing construction from Louisiana courts or determine, in the absence of state court decisions, if the Ordinance is "fairly susceptible" to a narrowing construction. The doctrines of overbreadth and vagueness apply to laws as construed by state courts—or as easily susceptible to construction by those courts—not as written. See Osborne v. Ohio, 495 U.S. 103, 119–20 (1990). The language of the Ordinance is identical to the general Louisiana disturbing the peace statute, LA. REV. STAT. § 14:103, and at least part of that statute has been given a limiting construction by the Louisiana Supreme Court. See State v. Jordan, 369 So.2d 1347, 1350 (La. 1979) (interpreting a local disturbing the peace ordinance the same as the identically-worded state statute). "[I]n such a manner as would foreseeably disturb or alarm the public" has been interpreted to apply only to "conduct which is violent or boisterous in itself, or which is provocative in the sense that it induces a foreseeable physical disturbance." Id. (quotation omitted); State v. Heck, 307 So.2d 332 (La. 1975); see also Garner v. Louisiana, 368 U.S. 157, 166–67 (1961) (accepting this interpretation from the Louisiana Supreme Court).[1]

---

[1] It is also interesting to note that the language of subsection (a)(2) is very similar to the language found constitutionally acceptable—with a sufficiently narrow construction—by the Supreme Court in Chaplinsky v. New Hampshire, 315 U.S. 568, 569 (1942). See also Coates v. City of Cincinnati, 402 U.S. 611, 613 n.3 (1971) (quoting approvingly of the limiting construction given the statute in Chaplinsky in a case with a much broader interpretation of the word "annoying").

The New Hampshire statute at issue in Chaplinsky stated that:

We offer no opinion on whether the Ordinance as construed by the Louisiana Supreme Court is constitutional or whether subsection (a)(2) may be "fairly susceptible" to a narrowing construction. Possible narrowing constructions of the Ordinance were not fully argued on appeal, and so we vacate the preliminary injunction and remand this case to the district court for reconsideration.

We would, however, note that "for reasons relating both to the proper functioning of courts and to their efficiency, the lawfulness of the particular application of the law should ordinarily be decided" before considering a facial challenge. Bd. of Trustees, State Univ. of N.Y. v. Fox, 492 U.S. 469, 485 (1989). That is the "usual judicial practice," and in a case such as this one where the district court has already made extensive findings of fact, it may be appropriate to first consider the application of the Ordinance to Netherland before engaging in the "more difficult" problem of determining if the statute is unconstitutional on its face. See id. at 484–85.

## IV. CONCLUSION

For the foregoing reasons, we VACATE the preliminary injunction and REMAND to the district court for reconsideration in light of this opinion.

---

No person shall address any offensive, derisive or annoying word to any other person who is lawfully in any street or other public place, nor call him by any offensive or derisive name, nor make any noise or exclamation in his presence and hearing with intent to deride, offend or annoy him, or to prevent him from pursuing his lawful business or occupation.

315 U.S. at 569.