# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30393
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
December 1, 2017

Lyle W. Cayce
Clerk

ARCHIE JOHNSON,

      Plaintiff - Appellant

v.

MAXIMILAN HOLLINS,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-2463

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Archie Johnson was handcuffed and briefly detained for disturbing the peace in violation of Louisiana law. He sued Maximilan Hollins, the police officer who handcuffed him, alleging claims under 42 U.S.C. § 1983 and state law. A jury found probable cause existed for the arrest, and the district court entered judgment against Johnson. Johnson then filed a motion for a contempt

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-30393

order and sanctions against Officer Hollins, contending that Officer Hollins engaged in various acts of misconduct. The district court denied both motions. Johnson appealed the district court's adverse judgments, and now we AFFIRM.

### I.

Angela Martin was involved in a car accident with Dianne Courson outside of a Spirit store in Bastrop, Louisiana. Martin called her friend Archie Johnson to ask for help. Johnson arrived on the scene. Shortly after, Officer Maximilian Hollins arrived. Officer Hollins investigated the accident and concluded that Courson was at fault. Courson became upset and disputed the finding. She asked to speak to Officer Hollins's supervisor. He invited her to go to the police station. Johnson told Courson that she was at fault, which Officer Hollins says caused Courson to become more upset.[1] Officer Hollins then told Johnson that because he had not witnessed the accident and was upsetting a witness, he needed to leave.[2] Johnson did not leave. Instead, he kept talking to Courson, telling her she was at fault. Officer Hollins then told both Johnson and Courson to leave. Only Courson complied. Officer Hollins again told Johnson that he needed to leave, and when Johnson did not leave, Officer Hollins grabbed Johnson's arm, pushed it behind his back, and put handcuffs on his wrists. Shortly after, the Spirit store clerk, Diana Mitchell, came out and told Officer Hollins to let Johnson go because Johnson was on his way to a funeral. Officer Hollins let him go. A video recording from the parking lot of the Spirit store shows that the arrest lasted less than 20 seconds. Johnson was never charged with a crime.

---

[1] At trial, Johnson agreed that he repeatedly told Courson that she was at fault, though he maintains that he was courteous throughout the encounter. He maintains that there was no argument, just a "debate[]."

[2] Johnson testified at trial that he was not ordered to stop talking and leave until after Courson had already left.

No. 17-30393

Before the incident with Officer Hollins, Johnson had torn his rotator cuff. At trial, he testified that he was tolerating the pain before his encounter with Officer Hollins. He testified that Officer Hollins's maneuver exacerbated his condition, caused excruciating pain, and eventually required him to have surgery.

Johnson brought a pro se lawsuit against the City of Bastrop and Officer Hollins, alleging claims arising under 42 U.S.C. § 1983 for false arrest, retaliation against his exercise of free speech rights, and excessive force. He also asserted related state-law claims. Both sides moved for summary judgment. The district court denied Johnson's motion and granted summary judgment against Johnson on his excessive force claim and state-law claims as well as his claims against the City. *See Johnson v. City of Bastrop*, No. 15-2463, 2016 WL 7116191, at *1 (W.D. La. Dec. 6, 2016). The remaining claims went to a jury trial. The jury returned a verdict finding that Officer Hollins had probable cause to arrest Johnson for disturbing the peace. *See* La. Stat. Ann. § 14:103(A). The district court denied Johnson's motion for judgment as a matter of law on his false arrest and retaliation claims and entered a judgment in favor of Officer Hollins. Johnson then filed motions for contempt and sanctions, alleging that Officer Hollins intimidated a witness, conspired to have another witness commit perjury, and concealed relevant evidence. The district court denied both motions. *See Johnson v. City of Bastrop*, No. 15-2463, 2017 WL 3381340, at *7 (W.D. La. Aug. 3, 2017).

Johnson now appeals the judgment against him pursuant to the jury verdict on his false arrest and retaliation claims, the district court's grant of summary judgment against him on his excessive force claim, and the denial of

3

his motions for a contempt order and sanctions.[3] We consider each of his arguments in turn.

## II.

## A.

Johnson contends that the district court erred by denying his motion for judgment as a matter of law on his false arrest and retaliation claims.[4] "[O]ur standard of review with respect to a jury verdict is especially deferential." *EEOC v. Boh Bros. Constr. Co.*, 731 F.3d 444, 451 (5th Cir. 2013) (en banc) (alteration in original) (quoting *SMI Owen Steel Co. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008) (per curiam)). "Although we review the denial of a motion for judgment as a matter of law *de novo*, we apply the same legal standard as the district court." *Id.* To be entitled to judgment as a matter of law, Johnson must show that the "facts and inferences point 'so strongly and overwhelmingly in [his] favor that reasonable jurors could not reach a contrary conclusion.'" *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 843 (5th Cir. 2015) (quoting *Boh Bros. Constr.*, 731 F.3d at 451). In doing so, we must consider all the evidence in a light most favorable to Officer Hollins, drawing all factual inferences in his favor. *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 785 (5th Cir. 2017).

Johnson's false arrest and retaliation claims depend on a showing that probable cause for his arrest did not exist. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (explaining that a showing of no probable cause is necessary to raise a false arrest claim); *see also Mesa v. Prejean*, 543 F.3d

---

[3] Johnson failed to brief the issues of municipal liability and his state-law claims. Any such arguments are forfeited. *See Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017).

[4] Johnson fashions this argument as an appeal of the district court's denial of his motion for summary judgment. Given that a jury trial occurred on his false arrest and retaliation claims, we construe this argument as a challenge to the district court's denial of his motion for judgment as a matter of law.

264, 273 (5th Cir. 2008) (explaining that where probable cause to believe a person has committed a crime exists, "any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment"). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Haggerty*, 391 F.3d at 655–66 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).[5]

Johnson was arrested for disturbing the peace.[6] *See* La. Stat. Ann. § 14:103(A). The relevant Louisiana statute provides that disturbing the peace occurs when an enumerated action would "foreseeably disturb or alarm the public," including:

> Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty; . . . .

La. Stat. Ann. § 14:103(A)(2). Under the statute, language "combined with the intent to deride, offend, or annoy, or to prevent the pursuit of an officer's lawful business, occupation, or duty, is sufficient for an arrest for disturbing the peace." *Merritt v. City of Oakdale*, 817 So. 2d 487, 491 (La. Ct. App. 2002).[7]

---

[5] Officer Hollins has not argued that he is immune from suit pursuant to qualified immunity. We therefore consider only whether Officer Hollins violated Johnson's constitutional rights.

[6] While Johnson was not charged or prevented from leaving the scene, neither party argues that he was not arrested in a constitutional sense. We therefore assume he was.

[7] We (and at least one district court) have considered whether arrest or prosecution for disturbing the peace under local ordinances analogous to § 14:103(A) is constitutional. *See Netherland v. Eubanks*, 302 F. App'x 244, 246–47 (5th Cir. 2008) (per curiam); *Roy v. City of*

No. 17-30393

Viewing the testimony presented at trial in a light most favorable to Officer Hollins, a reasonable jury could find the existence of probable cause to believe that Johnson disturbed the peace. The jury could have believed Officer Hollins's testimony that Johnson continued to antagonize Courson after he was told to stop and leave, preventing Officer Hollins from performing his duties—namely, calming down the situation and investigating what happened. That Johnson was arrested after Courson left is irrelevant—probable cause existed to believe that Johnson had already interfered with the investigation. While Johnson presented evidence that he was not being disruptive, it is insufficient to overcome the deference the jury verdict is due. Thus, the district court's refusal to render judgment as a matter of law on Johnson's false arrest and retaliation claims was not erroneous.

**B.**

Johnson also contends that the district court erred by granting summary judgment on his excessive force claim. "We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (emphasis added) (citing *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167 (5th Cir. 1999)). A court must enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* This means that a party cannot survive summary judgment with just "a scintilla of

*Monroe*, No. 16-1018, 2017 WL 4706905, at *3 (W.D. La. Oct. 19, 2017). In this case, Johnson does not raise any such arguments.

evidence" in its favor. *Id.* at 252. Although we view the evidence in the light most favorable to the non-movant, the non-movant must still "come forward with specific facts indicating a genuine issue for trial" and cannot merely rely on the allegations in the complaint. *Vela*, 276 F.3d at 666 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

"[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008) (citing *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). The objective reasonableness of the force "depends on the facts and circumstances of the particular case," *id.* at 501 (citing *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)), and we look at "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Where a suspect "committed no crime, posed no threat to anyone's safety, and did not resist the officers or fail to comply with a command," the *Graham* factors do not justify force used against him. *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012). Where facts are disputed, we view the facts in the light most favorable to the non-movant. *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

Viewing the facts in a light most favorable to Johnson, we find that the district court did not err in granting summary judgment on Johnson's excessive force claim.[8] We conclude that no genuine issue of material fact exists over

---

[8] Officer Hollins argued below that he was entitled to qualified immunity. The district court considered only whether any underlying constitutional violation occurred. We need not reach the qualified immunity question because we do not find a constitutional violation.

whether Officer Hollins's use of force was objectively reasonable. Several factors lead us to this conclusion. While the severity of the criminal offense was minimal in this case, so was the force used to detain Johnson. We have frequently found the use of handcuffs to be a *de minimis* use of force. *See, e.g.*, *Freeman v. Gore*, 483 F.3d 404, 416–17 (5th Cir. 2007). As the district court noted, this handcuffing technique is "a fairly common," "ordinarily accepted," and generally "non-excessive way to detain an arrestee." *Johnson*, 2016 WL 7116191, at \*5; *see Fisher v. City of Las Cruces*, 584 F.3d 888, 896 (10th Cir. 2009) ("[I]n nearly every situation where an arrest is authorized, . . . handcuffing is appropriate."). Further, whether the technique injured Johnson or not, we find nothing in the surrounding circumstances that would put a reasonable officer on notice that Johnson was particularly susceptible to injury from the standard maneuver. *Compare Rodriguez v. Farrell*, 280 F.3d 1341, 1352–53 (11th Cir. 2002) (finding no genuine issue of material fact over whether excessive force was used when the officer twisted the plaintiff's arm behind his back to handcuff him, even though the maneuver ultimately resulted in the arm's amputation, when the officer had no notice of the plaintiff's vulnerability), *with Fisher*, 584 F.3d at 892–93 (finding a genuine issue of material fact over whether excessive force was used when the plaintiff was shot in the stomach and bicep and he begged with the officers not use the behind-the-back-handcuffing maneuver). Finally, any non-physical injury Johnson may have suffered due to the time spent handcuffed lasted at most 20 seconds and was therefore *de minimis*. *See Freeman*, 483 F.3d at 417 (finding that a 30 to 45 minute detention based on failure to follow a command was *de minimis*).[9]

---

[9] Johnson argued below that any amount of force used against him was excessive because no probable cause existed to support his arrest. This argument improperly conflates Johnson's "separate and distinct" false arrest claim with his excessive force claim. *See*

No. 17-30393

## C.

Johnson finally contends that the district court abused its discretion in denying his motions for a contempt order and sanctions. Johnson's arguments both below and on appeal are difficult to follow. He appears to argue on appeal that Officer Hollins violated the criminal provisions of 18 U.S.C. §§ 1503, 1512(b)(1), and 1513(e). Specifically, he claims that Officer Hollins intimidated Martin ("mean mugged" her as he drove past her house) and retaliated against her by giving her traffic tickets for running a stop sign and driving without a license. Further, he claims that the district court erred by failing to grant relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure based on fraud and misconduct allegedly committed by Officer Hollins. Johnson contends that Officer Hollins collaborated with Mitchell (the Spirit store clerk) to commit perjury as shown by inconsistencies in Mitchell's testimony at trial. Further, Johnson argued that Officer Hollins and defense counsel concealed the Spirit store video tape.

As Johnson is a pro se litigant, the district court generously construed Johnson's scattered arguments. *Johnson*, 2017 WL 3381340, at *1–7. It concluded that a contempt order would be inappropriate and it would not refer Officer Hollins for prosecution because Johnson could not cite a specific court order that Officer Hollins violated or intended to violate. *Id.* at *3. With regard to Johnson's requested motion for sanctions, the district court found that Johnson failed to present evidence that Officer Hollins or his attorney engaged in any wrongful conduct. *Id.* at *4–7. Specifically it found that Johnson provided no evidence that Officer Hollins or his attorney conspired with Mitchell to engage in perjury. *Id.* at *4. With regard to the allegedly suppressed

---

*Freeman*, 483 F.3d at 417. "[W]e must . . . analyze the excessive force claim without regard to whether the arrest itself was justified." *Id.*

9

video tape, the district court observed that it was made available to Johnson before trial and was displayed to the jurors at trial. *Id.* at *7. In light of the district court's thorough and thoughtful analysis, we conclude that the district court did not abuse its discretion in denying Johnson's motions. *See Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) ("We review a district court's refusal to hold a party in civil contempt under the abuse of discretion standard."); *Smith v. Smith*, 145 F.3d 335, 341 (5th Cir. 1998) (holding that criminal contempt is reviewed for abuse of discretion); *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) (holding that the standard of review for denial of relief under Rule 60(b)(3) is abuse of discretion).

## III.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment on Johnson's excessive force claim, the district court's denial of judgment as a matter of law on Johnson's false arrest and retaliation claim, and the district court's denial of Johnson's motions for a contempt order and sanctions.